## WILLIAM H. SEARS *v.* F. A. GUNTER.

1. PRACTICE: TRIAL OF RIGHT OF PROPERTY: DUTY OF PLAINTIFF IN EXECUTION TO CAUSE ISSUE TO BE MADE UP.—By the express provisions of the statute (Art. 295, p. 532, of the Rev. Code) if, by the default of the plaintiff in execution, an issue to try the validity of the claim propounded by a third party to the personal property levied on be not made up at the return-term of the execution, the levy will be released, and the claimant discharged from his bond to have the property forthcoming to abide the judgment of the court.

2. SAME: SAME.—Where a third party claims personal property levied on under an execution, and executes a claimant's bond, it is the duty of the plaintiff in execution to see that the sheriff discharges his duty by returning the execution, claimant's affidavit and bond, by a day in the next succeeding term early enough to have an issue made up and tried at that term; and hence it is no excuse for the default of the plaintiff in execution, in failing to tender an issue at that term, that the sheriff omitted to make return of the execution, &c., till it was too late to do so.

ERROR to the Circuit Court of De Soto county. Hon. John W. Thompson, judge.

*White, Chalmers* and *Scales,* for plaintiff in error.

*T. J. & F. A. R. Wharton,* and *Clapp* and *Strickland,* for defendan in error.

SMITH, C. J., delivered the opinion of the court:

The defendant in error, as the claimant of certain property levied upon by the execution of the plaintiff in error, made affidavit and entered into bond, for the trial of the right of property, as required by statute. The execution was returnable to the December term (1859) of the Circuit Court of De Soto county; but the execution was not returned, and the affidavit and bond filed, by the sheriff, until the 10th of December, on which day the court adjourned, in consequence of which no issue was made up and tendered by the plaintiff in execution at that term. On the 10th of February, 1860, in vacation, the plaintiff in the execution filed his plea traversing the affidavit and tendering the proper issue. At the succeeding term of the court the claimant entered her motion to dismiss the cause, because the issue, required in such cases by the statute, had not been made up at the term of the court to which the execution was returnable; which motion was sustained, and a judgment entered discharging the claimant from her bond. This action of the court is the subject of the only exception material to be noticed.

The statute directs that, where personal property, levied on by virtue of an execution, is claimed by a person not a party to the execution, such person may make oath or affirmation to his right and title to the property so levied on, and may enter into bond properly conditioned; and that, " upon the making of such affidavit and bond, the sheriff, or other officer holding the execution, shall receive the same, and shall deliver said property to the claimant, and shall return said affidavit and bond; and the court shall thereupon direct an issue to be made up between the parties, to try the right of property, before a jury at the

same term, unless good cause be shown for a continuance." Code, 532, Art. 295.

And, further, that "if, by default of the plaintiff in execution, an issue for the trial of the right of property so levied on and claimed be not made up at the term to which such execution is made returnable, the court shall discharge the claimant from his bond, &c.; but if, from the default of the claimant, such issue shall not be made up at the first term of said court, said court shall cause a jury to be empanelled, at the instance of the plaintiff in execution, and sworn to execute a writ of inquiry as to the value of the property claimed by said claimant," &c. Code, 533, Art. 297.

Under these provisions it was doubtless the duty of the sheriff to return the execution, with the bond and affidavit, at the commencement of the return-term of the execution. It was a manifest violation of duty in the sheriff to delay making a return of the execution, and filing the affidavit and bond, until the last day of the term. But the question here primarily to be considered is not, whether the sheriff failed to perform his duty in this respect, but whether under these circumstances the plaintiff in the execution was in default in not having made up and tendered the issue. For if, by his default, the issue was not made up, the judgment of the court was unquestionably correct.

In cases where personal property, levied on by virtue of an execution, is claimed by a third party before an issue for the trial of the right of property can be made up, the execution, with the bond and affidavit of the claimant, must be returned and filed in court. Upon this being done the statute makes it the duty of the court to direct that the proper issue shall be made up between the parties. But it has never been the practice, nor has it been made, by law, the duty of the court, of its own motion, to require the sheriff, in such case, to return the execution, affidavit and bond. The statute, very plainly, imposes the duty of diligence upon the parties to proceedings of this character. And as the simple neglect or failure of the officer holding the execution to return it in due time with the bond and affidavit of the claimant cannot have the effect to discharge either party from that duty, on whom is devolved the

obligation of seeing that the sheriff does, or of compelling him to, perform his duty?

In these cases, where the subject of the levy is claimed by a third party, the *onus* of proving that the property levied on is subject to sale in satisfaction of the execution lies upon the plaintiff in the execution. It is hence his duty to tender the issue to be tried between himself and the claimant. And if, by the default of the claimant, the issue is not made up at the return-term, he thereby renounces his claim, and the plaintiff in the execution is entitled to a jury of inquiry to assess the value of the property levied upon. But as the claimant of the property has no control over, or interest in, the execution which devolves upon him an obligation to look after it, in the hands of the sheriff, it seems clear that he is not chargeable with default, before the plaintiff in execution has made up the pleadings and tendered the issue.

The plaintiff in execution occupies a very different attitude from that of the claimant of the property. He has, to a certain extent, control of the execution. It is his obvious interest to look after it and see that the sheriff does his duty. In this case the legal presumption existed that the plaintiff in execution knew that the execution, affidavit and bond were returned and filed in court the day on which it adjourned. And as, in respect of the rights of the claimant of the property levied, he was bound to diligence, it is also to be presumed that he had notice of the claim set up to the property which had been levied upon, and that a bond had been given pursuant to the provisions of the statute. It was, hence, his duty to enter his motion to compel the sheriff to return the execution and bond, so that the proper issue might be made up in time for a trial at the return-term. Having omitted to do this, the failure of the sheriff to perform his duty affords him no sufficient excuse. He was clearly in default, and by such default the issue was not made up at the return of the execution, which is imperatively required by the statute.

Judgment affirmed.

A reargument was asked for, but refused.