MILLER et al. v. TENNANT-STRIBLING SHOE CO.

(Circuit Court of Appeals, Fifth Circuit. January 13, 1903.)

No. 1,174.

1. ATTACHMENT — CLAIM BY THIRD PARTY — PROCEDURE UNDER MISSISSIPPI CODE.

Code Miss. 1892, §§ 4425–4428, provide for the filing of an affidavit of claim by a third party to property seized under execution or attachment, and that on the making of such claim "the court shall on motion of the plaintiff in execution direct an issue to be made up between the parties to try the right of property at the same term." Section 4428 provides that, if by default of the plaintiff in execution an issue be not made up at the term to which the execution is returnable, the

¶ 1. Federal courts following state practice as to issuance of attachment, see note to O'Connell v. Reed, 5 C. C. A. 594.

court shall discharge the claimant from his bond, and the property shall not be subject to the plaintiff's execution or attached. *Held*, that such provisions are binding on a federal court, and, where an attachment plaintiff failed to have the issue made up at the term, the claimant was entitled to have the property discharged from the levy, and to be discharged from a forthcoming bond given by him, which right was not lost by his failure to move for such discharge until after a number of terms had passed.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

The plaintiffs in error, as the claimants of certain property levied upon under writ of attachment sued out by the defendant in error, made affidavits in conformity with the provisions of section 4425 of the Mississippi Code (1892), for the trial of right of property. A portion of the property levied upon was claimed by D. W. Miller and H. J. Roper jointly, and a portion by H. J. Roper individually. For that claimed by H. J. Roper a claimant's bond was given under the statute. The writ of attachment under which this property was levied upon was returnable to the December term, 1897, of the circuit court of the United States held at Oxford, Miss. The marshal made his return on the writ December 7, 1897, and on the following day claimants filed their affidavits. The attachment issue was disposed of against the defendant in the original suit on December 7, 1899. The plaintiff in attachment never took any action toward making an issue for the trial of right of property between itself and the claimants. On December 2, 1901, the claimants filed a motion asking the court to discharge the levy under the writ of attachment and release them from their forthcoming bond, because of the failure of plaintiff to tender an issue for the trial of right of property, as required by law. The court overruled this motion, and a trial was had without any tender of issue and without an issue being joined in the case. The trial resulted in a judgment in favor of the plaintiff in attachment and against the claimants.

James Stone, C. L. Sivley, and Smith & Totten, for plaintiffs in error.

R. T. Fant, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MEEK, District Judge.

MEEK, District Judge, after stating the facts as above, delivered the opinion of the court.

The first error assigned complains of the action of the trial court "in overruling claimants' written motion to discharge the levy upon the property levied on under the writ of attachment, and in not pronouncing judgment for the claimants and releasing them from their forthcoming bond because of the plaintiff's failure to tender issue at the first term, as required by law." The attachment proceedings and the filing of the claimants' affidavits and bond for trial of right of property were had under the provisions of the Mississippi Code, and it is therefore incumbent upon this court to give effect to these statutory provisions, and to follow the construction placed upon them by the supreme court of Mississippi. Bank v. Farwell, 56 Fed. 570, 6 C. C. A. 24, 12 U. S. App. 409; Bank v. Teal (C. C.) 5 Fed. 503.

Section 4425 of the Code of 1892 provides the manner in which third parties may make claim of ownership to property levied on under execution, and for the bonding, holding, or disposing of prop-

erty pending the determination of the issue. Section 159 of the Code of 1892 makes these and subsequent quoted provisions of the law applicable to claimants of property levied on by virtue of writs of attachment.

Section 4427 of the Code of 1892 is as follows.:

"Issue to be Made Up.—Upon the return of the execution with the affidavit and bond, if any, the court shall, on motion of the plaintiff in execution, direct an issue to be made up between the parties to try the right of property at the same term, unless good cause be ·shown for a continuance."

This places the burden upon the plaintiff in attachment to move the court to direct an issue to be made up, and it is for the plaintiff to tender an issue to the claimant, as the burden of proof is with the plaintiff.   McAnulty v. Bingaman, 6, How. (Miss.) 382; Phillips v. Cooper, 50 Miss. 722; section 4429, Code 1892.   The statute is mandatory as to the time when the issue shall be made up between the parties.   It must be at the return term of the attachment.   The trial of right of property may, for good cause shown, be continued, but the issue must be joined at the return term.   This is made clear and emphasized by the provisions of section 4428 of the Code of 1892, which are as follows:

"Default in Making Up Issue.—If by default of the plaintiff in execution an issue for the trial of the right of property be not made up at the term to. which the execution is returnable, the court shall discharge the claimant from his bond, and the property shall not thereafter be subject to execution on plaintiff's judgment; but if the claimant fail to join issue when tendered at the first term, the court, at the instance of plaintiff in execution, shall order a writ of inquiry as to the value of the property, and also to inquire whether or not the claim was made for fraudulent purposes or for purposes of delay."

This section seems clear and explicit in its terms.   If at the term to which .the writ of attachment is returnable the plaintiff in attachment fails to move the court to direct an issue to be made up, and fails to tender an issue to the claimant under the direction of the court, then the plaintiff in attachment is in default, and the claimant is entitled to his judgment discharging him from his bond, and the property is no longer subject to attachment.   Sears v. Gunter, 39 Miss. 338.

In the present case the writ of attachment was returnable to the December term, 1897.   This and several subsequent terms of the court passed without any action by the plaintiff in attachment looking to the making of an issue for the trial of right of property.   The claimants were entitled to the judgment authorized by the statute long before it was sought by the motion interposed on December 2, 1901, but it is not apparent how their delay could operate to estop them from claiming their judgment, or how it could invest the plaintiff in attachment with any right to proceed to trial without the making up of an issue under the imperative requirements of the statute.

It is contended by counsel for the defendant in error that the issue directed by the statute need not be made up in writing; that the statute itself is silent on this point; and that no decision of the supreme court of Mississippi can be cited holding that it must be made ,in writing.   In Smokey v. Wack, 57 Miss. 833, the sufficiency of

the averments in a tender of issue filed by a plaintiff in attachment are passed upon. The statement of this case by the court precludes the possibility of the tender of issue having been other than a formal plea and in writing. Besides, it is plainly deducible from the Code of 1892 that the issue shall be made up in writing. Section 670 provides that the filing of the declaration shall be considered the commencement of an action. Section 671 is entitled "Of Pleading; the Declaration," and sets forth what the declaration shall contain. Section 681 makes all provisions relating to the declaration extend to all subsequent pleadings, so far as they may be applicable. Lastly, section 702 provides that pleadings shall be signed by the party or his attorney. However, in this case the record does not disclose that the plaintiff in attachment tendered an issue either orally or in writing, and it therefore could not be held to have complied with the law in any event.

In view of the holding on the first error assigned, and its necessary effect on the disposition of the case, it is not deemed material to discuss other questions raised.

For the error indicated the judgment of the circuit court is reversed, and the case is remanded for further proceedings.