### TENNENT–STRIBLING SHOE CO. v. ROPER et al.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1904.)

No. 1,306.

1. ATTACHMENT—CLAIM BY THIRD PARTY—PROCEDURE UNDER MISSISSIPPI STATUTE.

Under Rev. Code Miss. 1892, §§ 4425–4428, which govern in a federal court in that state, if an attachment plaintiff fails to have an issue made up on an affidavit of claim to the attached property at the term to which the attachment is returnable, the claimant is entitled to an order discharging the levy and releasing him from his bond.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

See 119 Fed. 865, 56 C. C. A. 377.

Before McCORMICK and SHELBY, Circuit Judges, and PARLANGE, District Judge.

R. T. Fant, for plaintiff in error.

C. L. Sivley and Jas. Stone, for defendants in error.

McCORMICK, Circuit Judge. This is substantially the same case that was before us at our last term, under the then title of "D. W.

Miller and H. J. Roper v. Tennent-Stribling Shoe Company." The consideration we then gave it, and our decision therein, are shown in the report of that case as it appears in 119 Fed. 865, 56 C. C. A. 377. It is unnecessary to restate the facts of the case, which sufficiently appear in that report. Of the numerous errors then assigned, this court considered only the first, namely, that the Circuit Court erred "in overruling claimants' written motion to discharge the levy upon the property levied on under the writ of attachment, and in not pronouncing judgment for the claimants, and releasing them from their forthcoming bond, because of the plaintiff's failure to tender issue at the first term, as required by law." After referring to a number of cases in the Reports of the decisions of the Supreme Court of Mississippi, and quoting the language of section 4428 of the Revised Code of 1892, this court said:

"This section seems clear and explicit in its terms. If at the term to which the writ of attachment is returnable the plaintiff in attachment fails to move the court to direct an issue to be made up, and fails to tender an issue to the claimant under the direction of the court, then the plaintiff in attachment is in default, and the claimant is entitled to his judgment discharging him from his bond, and the property is no longer subject to attachment." Citing Sears v. Gunter, 39 Miss. 338.

Then, noticing the contentions of the counsel for the defendants in error, to the effect "that the issue directed by the statute need not be made up in writing, that the statute is silent on this point, and that no decision of the Supreme Court of Mississippi can be cited holding that it must be made in writing," the court proceeds to review the case of Smokey v. Wack, 57 Miss. 833, in which the sufficiency of the averments in a tender of issue filed by a plaintiff in attachment is passed upon, and thereupon uses this language:

"The statement of this case by the court precludes the possibility of the tender of issue having been other than a formal plea in writing. Besides, it is plainly deducible from the Revised Code of 1892 that the issue shall be made up in writing [referring to sections 670, 671, 681, and 702]. However, in this case the record does not disclose that the plaintiff in attachment tendered an issue, either orally or in writing, and it therefore could not be held to have complied with the law, in any event. In view of the holding on the first error assigned, and its necessary effect on the disposition of the case, it is not deemed material to discuss other questions raised. For the error indicated, the judgment of the Circuit Court is reversed, and the case is remanded for further proceedings."

Our decision just referred to was rendered January 13, 1903. The case having been restored to the docket in the Circuit Court, plaintiffs in error filed a motion in that court on June 1st asking the court to allow them to join and make up the issue on the claimants' issue; and, as such plaintiffs, they averred in that motion that "the goods were at the time of the levy, and at the time when the trial was had, the property of defendant in attachment. Previous making up of issue was waived." On the same day H. J. Roper, one of the claimants, filed his written motion asking the court to discharge the levy upon the property levied on under the writ of attachment in this case, which is claimed by him individually, and to release him from his forthcoming bond, and to enter judgment against the plaintiff in attachment for his default in failing to tender issue in this cause to try the rights of prop-

erty at the December term, 1897; the same being the term to which the writ of attachment was returnable. A similar motion was filed at the same time by D. W. Miller and H. J. Roper, asking the court to discharge the levy upon the property which is claimed by them jointly, and that they be released, etc. These motions, a little more technical in form, are substantially in substance with the motion filed by the claimants on the 2d of December, 1901. At that time their motion was overruled by the court, and a trial was had before a jury, resulting in a judgment against them, the first line of which recites:

"This day came on this cause to be heard upon issue joined upon all the claimants' affidavits filed herein; the claim of H. J. Roper and D. W. Miller and the claim of H. J. Roper being, by consent, tried together."

The motions to discharge the levy, filed June 1, 1903, were acted on the next day, and were granted by the court. Three days afterwards, June 5, 1903, the motion of the plaintiff in error to be allowed "to tender issue in the claimants' issue" came on to be heard, and the order thereon is in these words:

"And it appearing to the court that each of said claimants had filed their motion to discharge the levy, and for judgment by default against the plaintiff in attachment, and that the same had come on to be heard before the plaintiff's motion to be allowed to tender issue, and it further appearing to the court that the plaintiff failed and neglected to tender issue at the return term of the writ, and until the claimants had filed their motion to discharge said levy, and the same had come on to be heard, it is therefore ordered and adjudged by the court that the plaintiff's motion to be now allowed to tender issue be overruled."

It is manifest that the only new element presented by the record now before us is shown by the concluding words of the plaintiff's motion, made June 1, 1903, in reference to making up the issue on the claimants' issue. These words are, "Previous making up of issue was waived." If any proof was made or any effort to offer proof in support of the statement that the previous making up of issue was waived, it does not appear in the record now before us. On the contrary, it seems to be shown that no express waiver had ever been made. In view of our former decision, the Circuit Court did not err in sustaining the motion of D. W. Miller and H. J. Roper to discharge the levy of the attachment upon the property claimed by Miller and Roper, and in refusing to sustain this motion to make up an issue on the claim of these claimants, and in entering final judgment against the plaintiff on the claimants' issue.

The judgment of the Circuit Court is affirmed.