BEDFORD, FRENCH & GOODWIN COMPANY v. W. T. ADAMS MACHINE COMPANY.

[47 South. 429.]

TRIAL OF THE RIGHT OF PROPERTY.  *Execution.  Levy.  Claim.  Claimant's issue.  When issue to be made up.  Default.*

Under Code 1906, § 4993, regulating the subject the issue for the trial of the right of property levied upon under execution and , claimed by a third person must be made up at the term of the court to which the execution is returnable and not afterwards, and the party by whose fault the issue was not seasonably made will be cast in the suit.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

The Bedford, French & Goodwin Co., appellant, was plaintiff in the court below; one Harris was defendant in execution there, and the Adams Machine Co., appellee, was claimant of the property levied upon.   From a judgment in claimant's favor on a claimant's issue, the plaintiff appealed to the supreme court.

One Harris purchased conditionally from appellee, the prop-

erty, machinery, involved in this litigation, and gave his note for same, dated January 20, 1903, due May 20, 1903 ; said note evidenced that the title to the property was reserved in the vendor and would not pass to Harris until he paid for the property. The property was delivered by appellee to Harris in the early spring of 1903. In February, 1905, appellant sued Harris and in March, 1905, recovered a judgment against him and the judgment was duly enrolled. An execution was issued on the judgment in April, 1906, and levied on the property in controversy in September, 1906, and same was claimed by appellee. The execution was returnable to the September term 1906 of the circuit court and the plaintiff on the first day of that term tendered an issue to the claimant, but the claimant did not join in the issue tendered until the second term of the court thereafter —the September term 1907—and not until after the plaintiff had moved for judgment because of claimant's failure to join issue at the term to which the execution was returnable. The court below overruled plaintiff's motion, and allowed claimant to join issue at the second term thereafter.

*J. W. Mack,* for appellant.

The court below erred in overruling the motion of appellant to dismiss the claim of appellee because of appellee's failure to join issue at the first term. *Sears v. Gunter,* 39 Miss. 338.

Code 1906, § 4993, provides that should claimant fail to join issue when tendered at first term then it shall be the duty of the court at the instance of the plaintiff, to order a writ of inquiry to ascertain the value of the property, and if the claim was made for delay, etc. In the case just cited it was held by the court, under a statute like the present one, that where plaintiff failed to tender issue in time for the cause to be tried at the first term, the levy should be dismised notwithstanding the delay was caused by the failure of the sheriff to return the claimant's affidavit and bond, and not because of any negligence on the part of the plaintiff.

It is the policy of the law to try and dispose of issues of this kind as speedily as possible, and the claimant is held to the same rigid rule as the plaintiff, and the trial court has no discretion to allow claimant to join issue at a date later than that prescribed by the statute.

*M. E. Denton,* for appellee.

MAYES, J., delivered the opinion of the court.

We are unable to distinguish this case from the case of *Sears v. Gunter,* 39 Miss. 338, and the court should have sustained the motion to dismiss the claim because of the failure of the claimant to join issue at the first term, as required by Code 1906, § 4993. The only difference appearing in the record of this case from that of the *Gunter case,* above referred to, is that in the *Gunter case* the failure to tender issue was on the part of the plaintiff in execution, while in this case the failure to join issue is on the part of the claimant. Code 1906, § 4993 (Ann. Code 1892, § 4428), in regard to trial of right of property levied on under an execution, requires the issue to be made up at the term to which an execution is returnable; and it is equally incumbent on both the plaintiff in execution and the claimant of the property to see that this is done. If either fail to make up the issue at the return term, it cannot be done afterwards; but upon default by either party such subsequent proceeding must be had as the statute requires for the default of the plaintiff in execution, or the default of the claimant, as the case may be. In this case the claimant had not filed joinder of issue at the return term, nor been allowed any extended time by the court.

The judgment is reversed and case remanded, to be proceeded with in accordance with Code 1906, § 4993, directing what shall be done on the failure of the claimant to join issue when tendered at the first term.

*Reversed.*