LOUIS H. WHITE ET AL. *v.* JOHN H. ROACH.

[53 South. 622.]

CLAIMANT'S ISSUE. *Attachment.   Practice.   Joinder in issue.   Time.* *Code* 1906, §§ 163, 4992, 4993.

Under Code 1906, §§ 163, 4992, 4993, regulating the practice in such cases, a claimant of property levied upon under an attachment writ:

(a) Is not required to plead to plaintiff's tender of an issue to him until after judgment shall have been rendered in plaintiff's favor against the defendant in attachment; but

(b) The claimant must, upon the rendition of judgment for the plaintiff against the defendant in attachment, be ready and at once join in such issue so that the trial thereof may proceed.

FROM the circuit court of Holmes county.

HON. JAMES M. CASHIN, Judge.

Roach, appellee, was plaintiff in the court below. The Barr-Roach Lumber Company was defendant there. The suit was an attachment and the property in controversy was levied upon under the attachment writ, and was claimed by White, appellant. From a judgment in plaintiff's favor against, not only the defendant in attachment, but the claimant as well, the claimant appealed to the supreme court.

The facts as stated by ANDERSON, J., were as follows:

"This is an attachment suit by the appellee, J. H. Roach, against Barr-Roach Lumber Company, in which the appellant, L. N. White, as trustee, interposed a claim to the property attached, consisting of lumber. There was

a judgment on the claimant's issue in the court below in favor of the appellee, from which judgment appellant prosecutes this appeal. The facts necessary to be stated are as follows:

"In July, 1908, the appellee sued out an attachment against Barr-Roach Lumber Company for the sum of five hundred and seventy-six dollars and forty-five cents, which was levied by the sheriff on one hundred thousand feet of lumber, valued at twelve hundred dollars. Immediately after the levy, the appellant, as trustee, in a deed of trust in favor of the Wilson Lumber Company, filed a claimant's affidavit for the property attached, and gave bond therefor as provided by law. The appellee filed his declaration against the defendant in attachment in August, 1908, and at the September term, 1908, of the court, tendered issue to the appellant, the claimant. The defendant in attachment traversed the grounds of attachment, and pleaded to the declaration. At the September term, 1909, judgment was entered sustaining the attachment. On the 25th day of March, 1910, being a day of the March term, 1910, a judgment was rendered in favor of appellee against the defendant in attachment on the debt issue, and on the same day the appellee moved the court to dismiss the claim of the appellant, because he had failed at the return term of the attachment to join issue on the tender made by appellee. On the next day, March 26, 1910, appellant moved the court to make up an issue between appellee and appellant, to try the right of property, and filed with such motion a joinder of issue. The court sustained the motion of the appellee, and overruled that of the appellant, and entered judgment in favor of the former against the latter and the sureties on his bond for the amount of the judgment recovered by the appellee against the defendant in attachment. The appellee, neither at the return term of the attachment nor afterwards, moved the court to direct an issue

to be made up between the appellee and the appellant to try the rights of property."

*Boothe & Pepper,* for appellant.

Code 1906, §§ 4992, 4993, lay down a rigid rule, and were rigidly construed by this court in *Sears* v. *Gunter,* 39 Miss. 338, and the court below without duly considering the difference between these sections and Code 1906, § 163, was misled by section 4993, and the construction given to it in the case cited.

There are two reasons why this rule of law should exist, and why it should be enforced strictly as between plaintiffs in execution and third persons, claimants to property levied on.

First. The plaintiff has his judgment that he recover so much money and costs of the defendant. Execution is issued, and levied by the proper officer on property, as the property of the defendant. If it be property of the defendant and subject to execution the plaintiff has the right under the law to have it subjected to his judgment without unnecessary delay; and hence, when the sheriff returns the execution, with the claimant's affidavit and bond, if any, to the return term, the burden of proof being upon the plaintiff to show that the property is the property of the defendant and subject to the execution, he is required to tender and issue at that term and if he fails to do so the claimant has the right at once to be discharged from his bond.

Second. If the property levied on is the property of the claimant he has a right to have this question determined without delay; and if he fails to join issue when tendered, then he, in legal contemplation, abandons his claim and leaves the property to be disposed of under the execution.

It was not the intention of the legislature to require the same rigid rule as to plaintiffs and claimants in attachment suits, but only that the same rule should govern as far as the same can be made applicable.

In the first place, the plaintiff in attachment may fail to sustain his attachment; and should he succeed, he may lose in a trial on the merits, and really get nothing by his suit.

Why then should the issue be tendered by the plaintiff in attachment at the return term of the writ and a joinder of issue be made by the claimant?

And there is 'this difference in the law between the trial of claimant's issues to property levied on under · execution and those arising under attachment proceedings.

In the former, the right of property must be tried at the return term of the execution, unless good cause be shown for a continuance, in the latter, "The trial of the right of property shall not be had until after judgment in favor of the plaintiff in this attachment suit." Code 1906, § 163.

If sections 4992 and 4993 should be strictly construed, the appellee, Roach, plaintiff in the court below, instead of moving to dismiss the claim of White, immediately upon the recovery of a judgment against the defendant, he should have moved the court to direct an issue to be made up between himself and said claimant; for then and not until then could an issue be properly made up between himself and said claimant.

*Tackett & Elmore,* for appellee.

Did the court err in sustaining the motion of plaintiff in attachment to dismiss the claim of L. N. White, trustee, for the reason that the claimant had never joined issue on plaintiff's tender of issue, which tender was filed on September 7, 1908, the first day of the first term of court after the attachment was sued out, and the first term of court after the claimant's affidavit was filed, the motion being filed on March 25, 1910, the day judgment was obtained against the defendant in attachment?

It is to be noted that no exception or objection was, or is, made as to the sufficiency of plaintiff's tender of issue. That it was sufficient is held in *Smokey* v. *Wach,* 57 Miss. 832.

The general rule is that all issues of fact are to be made up and joined at the return term; and such issues in action commenced by attachment shall be tried at the return term unless continued by consent or on cause shown. Code 1906, § 783.

Code 1906, §§ 4990 to 5001, inclusive, cited by section 163 are part and parcel of the law on attachment so far as third parties interposing claims is concerned.

The provision as to when the trial of the right of property shall be had does not in the least refer to or affect the requirements of sections 4992 and 4993 as to when the issues shall be made up. Making up the issue is no part of the trial, but it is the means of obtaining a statement of fact to be tried.

Bouvier in his law dictionary defines "Trial" as follows: "The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."

"The hearing or trial of a cause is commenced, within the meaning of the statute (sec. 1009, Code 1906) just as soon as, but not before, the court enters upon the impaneling of a jury for the trial of the matters of fact presented by the pleadings." *Lipscomb* v. *State,* 76 Miss. 254.

"The trial of the claimant's issue is not different from ordinary trials. In fact the statute in section 4994 makes it an ordinary action at law, and either party shall have the same rights as in other trials."

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The ground on which the court below rendered judgment against appellant was that he failed to join issue

on appellee's tender at the return term of the attachment. Section 163, Code 1906, is as follows: "All the provisions of law in relation to third persons claiming property levied on by virtue of *fieri facias* shall extend and apply to claimants of property levied on by virtue of writs of attachment. The trial of the right of property shall not be had until after judgment in favor of the plaintiff in the attachment suit, and proceedings in garnishment shall be in accordance with the provisions of law on that subject." The provisions of law in relation to third persons claiming property levied on by *fieri facias* are contained in Code 1906, ch. 144, §§ 4990 to 5001, inclusive; and under section 4992, where there is a claimant's affidavit, the plaintiff in execution is required to make a motion "to direct an issue to be made up between the parties to try the right of property at the same term, unless good cause be shown for a continuance;" and section 4993 provides that, if by default of the plaintiff an issue to try the right of property is not made up at the return term, the claimant shall be discharged, and the property thereafter not subject to the execution, and if the claimant fails to join issue at the first term when tendered, "the court, at the instance of the plaintiff in execution, shall order a writ of inquiry as to the value of the property," etc. Construing these two sections, as applied to the claim of a third person to property levied on by execution, this court held in *Bedford* v. *Adams,* 93 Miss. 537, 47 South. 429, that the issue must be made up at the return term, and not afterward, and the party in default, whether plaintiff or claimant, is cast in the suit. The evident purpose of the statute is to provide, as far as practicable, for the disposal of the claimant's issue at the return term of the execution. Final judgment having been rendered in the main case, such issue is all there is left to try.

It is contended that the statute applies with equal force to the claimant's issue in attachment suits, and

under like conditions the same result will follow. Such a construction, however, is without foundation in reason. Section 163 provides that the claimant's issue shall not be tried until after final judgment in favor of the plaintiff in attachment. Then why make up the issue at the first term of court? It may never be tried; for, if the plaintiff fails either on the attachment or debt issue, that is the end of the matter. Why require the claimant to attend court with his witnesses from term to term, when the trial of the issue depends entirely on the result of the main suit? Statutes must be given a reasonable construction, unless in so doing their plain provisions are violated. Our judgment is that the word "trial," in the last clause of section 163, is used in its comprehensive sense, and means, not alone that the claimant's issue shall not be tried until final judgment in the main case, but that such issue is not to be made up until then; the making up of the issue being a part of the "trial" in the broad meaning of the word. The claimant, at his peril, must watch the progress of the main case, and when final judgment is rendered be ready to join issue on plaintiff's tender, which may not be made until then, so the trial of it may proceed.

It may be remarked, by the way, that the contention of appellee, if sound, would put him first in default for a failure to make the motion, at the return term, required by section 4992.

*Reversed and remanded.*