FARRAND COMPANY *v.* HUSTON.

[69 South. 997.]

1. EXECUTION. *Claims of third persons. Affidavit. Issues. Date. Sunday. Validity. Principal and agent. Ratification.*
   Under Code 1906, section 4992, so providing, on the return of an execution with affidavit and bond of a third party claiming the

property, the court shall direct an issue to try the right of property, but this does not require a trial of such issue, where no valid affidavit has been filed setting forth the claim of the third person, and where the validity of the affidavit is challenged, an issue is presented which must be tried before the right of property can be tried.

2. SUNDAY. *Affidavits. Date. Validity.*
An affidavit of a third person claiming property levied upon under execution, is valid though dated on Sunday, if in fact it was not made on that day.

3. PRINCIPAL AND AGENT. *Affidavits for principal. Ratification.*
Although an agent making an affidavit in a claimant's issue, may not have been authorized to do so, yet the claimant has full power to ratify and adopt it.

APPEAL from the circuit court of Neshoba County.

HON. C. L. DOBBS, Judge.

Suit by H. A. Huston against John Black and others in which the Farrand Company filed an affidavit, alleging that the property levied on belonged to it. From a judgment quashing the affidavit, the claimant, appeals.

At the September term, 1911, of the court below judgment was rendered against John Black and three others in favor of appellee, H. A. Huston, upon which an execution was issued and placed in the hands of the sheriff, who levied on several pianos in possession and as the property of John Black. An affidavit was made and filed with the sheriff by J. Q. Hunter, Jr., an attorney at law, in behalf of the Farrand Piano Company, setting forth in the proper form that the pianos levied on were the property of that company and not of the defendant in execution. Bond was given by the claimant and the pianos released. At the term of the court below to which this execution was returnable a motion was made by the plaintiff in execution to quash the claimant's affidavit for the following reasons, among others:

"Because the party who made said affidavit had no authority from the said Farrand Company to make the same."

"Because said affidavit was made on the first day of the week, commonly called Sunday."

This motion was sustained and a judgment, after verdict on a writ of inquiry, was entered against the claimant for the value of the property levied on. Afterwards, and at the same term of court, this judgment, for some reason not disclosed by the record, was set aside, and the cause continued to the next term of the court. At the succeeding term a motion was filed on behalf of the claimant for the discharge of its bond under the provisions of section 4993 of the Code, on the ground that by default of the plaintiff in execution an issue for the trial of the right of property had not been made up at the term to which the execution was returnable. This motion was by the court overruled, and thereupon evidence was taken on the motion to quash. At the close thereof the motion to quash was again sustained, and judgment, after verdict upon a writ of inquiry, was again entered against the claimant for the value of the property levied on. The claimant's affidavit was dated the 10th day of December, 1911, which was Sunday; but the uncontradicted evidence introduced in its behalf disclosed that the affidavit was in fact made on Saturday, and that the date in the affidavit was a clerical error. In order to sustain its contention that the affidavit was made without authority from the claimant, the following letter was introduced in evidence by the plaintiff in execution:

Philadelphia, Miss. Jan. 11, 1912.

"The Farrand Co., Detroit, Mich.—Gentlemen: Have you employed counsel in suit now pending in circuit court here in which H. A. Huston is plaintiff in execution and you are claimant in claimant's issue. Let me know at once. Will write you full particulars.

"Yours truly,          W. M. LEWIS."

Lewis was the attorney for the plaintiff in execution. To this letter the claimant replied as follows:

"Detroit, Michigan, 15, 1912.

"W. M. Lewis, Esq., Philadelphia, Miss.—Dear Sir: We are in receipt of yours of the 11th inst., in regard to suit now pending in the circuit court, in which H. A. Huston is plaintiff. We have no record whatever of this party having suit against us, and wish you would kindly advise us the particulars of the case promptly.

"THE FARRAND COMPANY."

"Per F. L. COWAN."

J. Q. Hunter, the attorney who made the affidavit for the claimant, testified that he was requested by Black, the defendant in execution, to make the affidavit and to look after the Farrand Company's interests, and that his act in so doing had since been ratified by the company. In what manner the claimant ratified the making of the affidavit does not appear, but Hunter's general statement that such is the fact was not challenged in any way.

*J. F. N. Huddleston,* for appellant.

We think a recital of the facts are amply sufficient to justify a reversal. The proceedings are entirely statutory and must be followed or the transgressor must take the consequences. There is only one thing for the plaintiff in execution to do, when the affidavit and bond are returned into court, i. e. to tender issue or move the court that an issue be made. Section 4992 is imperative; and section 4993 gives the consequences by which he must abide if he selects to try some other than the prescribed course. Code 1906, secs. 4992 & 4993.

The court should have sustained claimant's motion for discharge. It is the duty of the plaintiff in execution to see that return is made early enough for him to have the issue propounded at the first term of court. *Sears* v. *Gunter,* 39 Miss. 338; *Watkins* v. *Duval,* 69 Miss. 364, 13 So. 727.

On second assignment of error, we think the case should be reversed. The law is with claimant; the plain-

tiff in execution cannot raise the question of agency between the claimant and his attorney. That is a matter entirely between them and the after recognizance by claimant of Hunter's acts in its behalf absolutely clinched his agency for claimant and cannot be disputed by the claimant himself. This is elementary. We do not feel that it is necessary to further worry the court. We confidently ask a reversal.

*Byrd & Byrd,* for appellee.

This is a case in which the plaintiff in execution, Huston, Appellee, had a judgment against John Black, et al., and on that judgment execution was issued, placed in the hands of the sheriff, and levied on certain property. Whereupon John Black, the party whose property was levied on under the execution, and the defendant in execution, procured one J. Q. Hunter to represent himself as attorney for The Farrand Company to make affidavit and claim the property levied on as the property of the said Farrand Company. He, Hunter, made the affidavit and bonded the property of The Farrand Company. The court after hearing this testimony, being convinced that the claimant's affidavit was made on Sunday, and that the said Hunter had no authority whatever to make the affidavit for The Farrand Company, having been procured to do so by Black, the defendant in execution, sustained the motion of plaintiff in execution to quash the affidavit made by Hunter, claiming the property as The Farrand Company's, and granted plaintiff in execution a jury of inquiry to assess the value of the property. This claimant's affidavit was made on the 10th day of December, 1911, same being Sunday. On the 15th day of January, 1912, The Farrand Company wrote W. M. Lewis that they had never heard of this litigation. We deem it useless to make any further comment on this record. Respectfully submitted.

SMITH, C. J. delivered the opinion of the court.

(After stating the facts as above.)   The court below committed no error in overruling the claimant's motion for the discharge of its bond.  It is true that section 4992 of the Code provides that:

"Upon the return of the execution with the affidavit and bond, if any, the court shall, on motion of the plaintiff, in execution, direct an issue to be made up between the parties to try the right of property at the same term, unless good cause be shown for a continuance."

—but an issue of this character presupposes a valid affidavit; and we do not understand the statute to require the trial of such an issue when no valid affidavit has been filed setting forth the claim of a third person to the property levied on.  If the validity of the affidavit is challenged, an issue is presented which must of necessity be tried by the court before the right of property can be tried.  The statute must be given a reasonable construction as was done in *White* v. *Roach,* 98 Miss. 309, 53 So. 622, and, so construed, it seems to us necessarily to follow that the court below committed no error in holding that the plaintiff in execution was not in default in not causing an issue to be made up to try the right of property while his motion to quash remained undisposed of.

The motion to quash, however, should have been overruled for the affidavit, according to the evidence, was not made on Sunday.  And though Hunter may not have been authorized to make the affidavit, the claimant had full power to ratify and adopt it.

*Reversed and remanded.*