First National Bank of Ripley, Tenn. *v.* Tchula Commercial Co. *et al.*

[95 South. 742.   No. 22986.]

1. Carriers. *Proceeds of draft attached to bill of lading cannot be attached for claim against shipper when transferred to innocent holder.*

Under federal Uniform Bills of Lading (U. S. Comp. St., sections 8604aaa–8604w), proceeds of draft attached to order bill of lading cannot be subjected to the consignee's demand against shipper for damages resulting from a shortage in weight, where the shipper transferred the draft to an innocent holder or assignee.

2. Commerce. *Federal bills of lading Act supersedes state law.*

The Federal Uniform Bills of Lading Act (U. S. Comp. St., sections 8604aaa–8604w), having taken over the field of bills of lading in interstate commerce, supersedes the state law and is controlling with respect to interstate shipments.

Appeal from circuit court of Holmes county.

Hon. S. F. Davis, Judge.

Actions by the Tchula Commercial Company and others against the First National Bank of Ripley, Tenn. From judgments for plaintiffs, defendant appeals. Reversed and judgment entered.

*Noel, Jordan & Neilson,* for appellant.

*Boothe & Pepper,* for appellees.

HOLDEN, J., delivered the opinion of the court.

These cases originated by attachment and garnishment based upon claims of shortages in weights of certain purchasers of hay by the appellees from the Southwestern Grain Company of Ripley, Tenn., and shipped to the appellees, purchasers, at Tchula, Holmes county, Miss., with bill of lading attached to draft, "Shipper's Order Notify," through the First National Bank of Ripley, Tenn., and the Merchants' & Planters' Bank at Tchula, Miss., and the cases were tried on an agreed statement of facts in the circuit court of Holmes county, where judgments were rendered in favor of the appellees, purchasers of the hay; from which judgments this appeal is prosecuted.

The facts in the present cases are similar to the facts in the *Searles case,* 80 Miss. 688, 32 So. 287, and the subsequent decisions of this court following the Searles case; the question presented there, and here, being whether or not a bank which has bought a consignor's draft for the price of grain, or hay, and taken an assignment of the bill of lading therefor, occupies, as to the consignee, the situation of the consignor, and the consignee, after paying the draft and receiving the bill of lading and grain, may subject the proceeds of the draft, in the hands of a local collecting bank, to his demand for damages resulting from shortage in weights. The decision in the *Searles case, supra,* adhered to in subsequent cases, is the settled law of this state, and would prevail unless the federal Uniform Bill of Lading Act of Congress of 1916, chapter 415, sections 8604aaa to 8604w, U. S. Comp. Stats. 1916, is to supersede the rule in the Searles case and control the interstate transaction in the case before us.

We here set out the agreed statement of facts, which is as follows:

"It is agreed by and between the attorneys for the complainants and the defendants in the above-styled causes that each of the above plaintiffs purchased a car of hay from Southwestern Grain Company at Ripley, Tenn., through I. A. Fisher, owner of Southwestern Grain Company; that each car was shipped to the respective plaintiff with bill of lading attached to draft drawn by Southwestern Grain Company on each respective plaintiff payable to First National Bank of Ripley, Tenn., or order said shipments of hay being consigned to the Southwestern Grain Company, to shipper's order notify each respective plaintiff; that said plaintiffs each paid the drafts drawn on them at the Merchants' & Planters' Bank at Tchula, Miss., and delivered the bill of lading to the Y. & M. V. Railroad Company's agent, and unloaded said cars. Whereupon it was discovered that the shipment to V. Reinhardt was short in weight three thousand eight hundred sixty pounds, at thirty-eight dollars a ton, making seventy-three dollars and thirty-four cents; that the difference between the arrival of car at Tchula and draft and bill of lading at the Bank of Tchula necessitated the payment of thirty-nine dollars and fourteen cents demurrage, which the Southwestern Grain Company, through I. A. Fisher, requested V. Reinhardt to pay and authorized the Merchants' & Planters' Bank of Tchula, Miss., to deduct from proceeds of draft, making total deduction due V. Reinhardt one hundred thirteen dollars and sixty cents, for which amount V. Reinhardt recovered judgment in the justice court, from which appeal was taken, the amount of said demurrage and shortage being admitted; that the amount collected by the Merchants' & Planters' Bank of Tchula on said V. Reinhardt's draft was five hundred ninety-nine dollars and forty-five cents; and that the same is now in the hands of Merchants' & Planters' Bank of Tchula, Miss., garnishee.

"It is further agreed that the shipment of hay to T. J. Bogue was short in weight when received at Tchula, and said shortage, with additional charge of ten dollars and

sixty-one cents freight, amounts to forty dollars and twenty-seven cents; the amount of draft paid by T. J. Bogue, drawn as above, was five hundred eighty-three dollars and eleven cents; that the proceeds of said draft were remitted by the Merchants' & Planters' Bank to the First National Bank of Ripley, Tenn., before the institution of the above-mentioned suit.

"It is further agreed that the proceeds of the said V. Reinhardt draft was in the hands of the Merchants' & Planters' Bank of Tchula, Miss., at the time the attachment suits were instituted by the above plaintiffs, and garnishments served upon the Merchants' & Planters' Bank at Tchula, Miss.

"It is agreed that bills of lading herein mentioned were all standard 'Shippers Order Notify' bills of lading.

"It is further agreed that the amounts of said judgments are correct, if there be liability against the proceeds of said draft, but the First National Bank of Ripley, Tenn., deny that the same can be collected out of or from the proceeds of the V. Reinhardt draft now in the hands of the Merchants' & Planters' Bank at Tchula, Miss."

The shipment of hay in this case was in interstate commerce, and the appellant contends that the purchaser of the hay cannot, under the Federal Uniform Bills of Lading Act, attach and hold the proceeds in the hands of the collecting bank, because the proceeds belong to the appellant bank in Tennessee, who was the innocent purchaser of the draft and bill of lading, and that therefore the purchaser of the hay has no claim against the assignee holder of the draft and bill of lading, nor against the proceeds realized upon the draft and bill of lading attached in the hands of the collecting bank at Tchula, Miss.

We do not understand that this point was raised by counsel, nor did the court notice such contention, if made, in the *Searles case, supra,* nor in any subsequent decision. In fact, the Searles case was decided some years prior to the enactment of the Federal Uniform Bills of Lading Act,

and the question now presented seems not to have been raised before in any case.

We shall not set out the language of the numerous sections of the Federal Uniform Bills of Lading Act, but deem it sufficient to say that the act, in substance, frees the innocent holder or assignee of the draft and bill of lading, in interstate commerce, of any liability upon the contract between the shipper and purchaser; and the proceeds collected by the collecting bank at the point of the purchaser in one state, for the account of the innocent holder, assignee bank, in another state, cannot be held by attachment sued out by the purchaser for shortage in weights in the shipment. So, under the Federal Uniform Bills of Lading Act, the assignee bank in Tennessee was not a cowarrantor of the shipper.

Therefore in the case before us the proceeds of the draft attached in the hands of the bank of Tchula, Miss., cannot be held to satisfy the claim of the purchaser against the original shipper because the appellant bank in Tennessee had purchased the draft and bill of lading in good faith, and does not "occupy as to the consignee the situation of the consignor," and cannot "subject the proceeds of the draft in the hands of the collecting bank to his demand for damages resulting from shortage in weights" as held, to the contrary, in the *Searles case, supra,* because of the application of the Federal Uniform Bills of Lading Act, in the interstate shipment. *United States* v. *Ferger,* 250 U. S. 199, 39 Sup. Ct. 445, 63 L. Ed. 936; *Pere Marquette Railway Co.* v. *French & Co.,* 254 U. S. 538, 41 Sup. Ct. 195, 65 L. Ed. 391; *Thompson* v. *Hibernia,* 148 La. 57, 86 So. 652; section 8604a, U. S. Comp. Stat. 1916, p. 9289, vol. 2, 1919; Supp. Comp. St., pp. 1642, 1643, and 1694; *C. N. O. & T. P. Ry. Co.* v. *Rankin,* 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, 1026 L. R. A. 1917A, 265; *Shaw* v. *Merchants' National Bank,* 101 U. S. 557, 25 L. Ed. 892; *General Electric Co.* v. *Southern Railway,* 72 S. C. 254, 51 S. E. 695, 110 Am. St. Rep. 603; *Third National Bank* v. *Hays,* 119 Tenn. 738, 108 S. W. 1062, 14 Ann. Cas. 1053, 1055; 13

Rose's Notes on U. S. Rep. (Rev. Ed.), pp. 718, 719.

The Federal statute, having taken over the field in bills of lading in interstate commerce, supersedes the state law and controls the interstate shipment here involved; and while there may be some plausibility in the argument advanced by the appellee that the interstate shipment was completed, and therefore the suit is merely one in attachment against the funds of a nonresident debtor and cannot be controlled by the Federal Uniform Bills of Lading Act, we think it is unsound for the reason that in order for the attaching purchaser to subject the proceeds in the local bank to his claim, his claim would have to be traced back through the interstate transaction, and in so doing he would be defeated by the Federal law which denies him the right to go against the proceeds belonging to the innocent holder of the draft and bill of lading.

The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed and judgment here.*