COPIAH HARDWARE CO. v. METEOR MOTOR CAR CO.*

(Division B. Sept. 29, 1924.)

[101 So. 375. No. 24203.]

1. JUDGMENT. *Judgment at return term against nonresident, on service of summons by publication, void.*

Where an attachment is sued out against a nonresident of this state, and no personal summons is served on such nonresident or his agent, but publication is depended upon for service, a judgment cannot be rendered at the return term, and if one is entered it is void and will be reversed upon appeal.

2. Garnishment. *Judgment against garnishee failing to answer summons reversed if judgment against defendant unauthorized.*
   Where a garnishee is served and fails to answer, judgment against the garnishee will depend upon the validity of the judgment against the defendant, and if such judgment is not authorized the judgment against the garnishee will be reversed on appeal.

3. Process. *Circumstances stated, under which misspelling of defendant's post office in notice by publication, will not avoid process.*
   Where a nonresident is given notice by publication, the misspelling of the post office of the defendant will not avoid the process if the name as spelled is similar in sound, and not misleading.

---

*Headnotes 1. Judgments, 23 Cyc, p. 756; 2. Garnishment, 28 C. J., section 29; 3. Process, 32 Cyc, p. 486 (1926 Anno).

Appeal from circuit court of Copiah county.

Hon. E. J. Simmons, Judge.

Action by the Copiah Hardware Company against the Meteor Motor Car Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Wilson & Henley,* for appellant.

This case arose in the circuit court of Copiah county, in a suit filed by the Copiah Hardware Company, against the Meteor Motor Car Company, a non-resident defendant. A writ of attachment was issued on the ground of non-residence, and the Merchants and Planters Bank garnisheed. The case came on for trial and the bank having failed to file any answer whatsoever, the jury returned a verdict for the plaintiff, against the defendant, the Meteor Motor Car Company. In the meantime, the Piqua Savings Bank had filed claimant's issue and upon giving bond had been permitted to withdraw the funds in the hands of the Merchants and Planters Bank. A motion was made by the plaintiff to strike from the file of the court the claimant's issue. This motion was sustained and we think properly so. See *Porter* v. *West,* 54 Miss. 548. The Piqua Savings Bank had undertaken, through the court, on its own motion, without any sug-

gestion whatsoever, of interpleader, as is provided for in sec. 1946, Hemingway's Code, to garnishee the funds in the hands of the Merchants and Planters Bank. Under these circumstances they had no standing whatsoever in court, and necessarily they failed to sustain their claim to the funds which had been bonded and put their bond in default. The bond given was not conformative of sec. 3275, Hemingway's Code, and provided that the bond should not be valid unless the said Piqua Savings Bank shall prosecute with effect, its claim to the funds in controversy.

When the court rejected *in toto* the claim of the Piqua Savings Bank and held that it had no standing in court as a mere volunteer to the litigation, it certainly failed to prosecute, with effect, its claim to the funds. Under these conditions it is our position that a judgment should not have been entered only against the Merchants and Planters Bank as garnishee, but should have been entered also against the Piqua Savings Bank and the Fidelity and Deposit Company, its surety, because of the fact that they had wrongfully obtained the funds, which were in the posession of the defendant, and upon failure to comply with the terms of the bond and successfully prosecute the claim of the Piqua Savings Bank it was the duty of the court to require the return of such funds.

The court refused to permit such judgment to be entered against the Piqua Savings Bank and against its surety on the bond. We submit that this case should be reversed and judgment entered in the supreme court not only against the Meteor Motor Car Company and the Merchants and Planters Bank, garnishee, but judgment should be entered also against the Fidelity and Deposit Company, the surety on the bond.

*R. N. Miller,* for appellee.

This record shows that the Copiah Hardware Company purchased a hearse of the Meteor Motor Car Company

of Piqua, Ohio, and paid half the price with the order, and it was shipped to Vicksburg, Mississippi, for the Copiah Hardware Company, and the Meteor Motor Car Company drew its draft on the Copiah Hardware Company for the balance of the purchase money, one thousand two hundred and fifty dollars, in favor of the Piqua Savings Bank of Piqua, Ohio, and attached the bill of lading to said draft and sold it to the claimant bank, who paid the Meteor Motor Car Company for it. The claimant bank at once sent the draft with bill of lading attached to the Merchants & Planters Bank of Hazlehurst, Mississippi for collection. The Merchants and Planters Bank of Hazlehurst collected this draft of the Copiah Hardware Company, and, of course, collected it and held it as the money of the Piqua Savings Bank, claimant. In that situation, the Copiah Hardware Company sued out an attachment against the Meteor Motor Car Company and garnisheed the Merchants & Planters Bank, claiming the hearse was not equipped as agreed and that it had been damaged. The claimant, the Piqua Savings Bank, filed its claimant's affidavit as such claimant, and gave bond as claimant, and the Merchants & Planters Bank paid the money over to it.

The garnishment is part of the attachment. The garnishment merely levies the attachment by garnishment on the property. It originated as an ancillary writ necessary to levy attachment or execution on invisible assets, and its service fixes a lien upon the funds in the hands of garnishee and gives the court jurisdiction of the funds and of the garnishee, whether the garnishee or not. If he does not answer judgment by default goes, and if he does answer it goes on the admission in the answer. The answer of the garnishee is not necessary to give the court jurisdiction, both of the person and *in rem*.

Claimant may be compelled by summons to appear and interplead. If claimant can be compelled to come and interplead, of course, he may come voluntarily and inter-

pose his claim to money or other personal property tied up by garnishment. He need not await action of the garnishee. If the garnishee refuses to answer, surely the claimant cannot thus be delayed and denied the right to intervene and protect his interests.

Our statutes, section 155, Hemingway's Code, and section 1947 of the same Code, provide he *shall* appear, and of course *may* appear and interpose his claim. See *French* v. *Sale,* 60 Miss. 530.

The claimant in this case, as the plaintiff in attachment did, knew the facts to be disclosed by answer of the garnishee. The plaintiff and claimant and garnishee all knew the facts. The claimant voluntarily appeared and propounded his claim and gave bond in time. The answer of the garnishee was not necessary to give the court jurisdiction of the money levied on by the garnishment, and the answer was unnecessary to give the claimant right to come and file his affidavit and bond as claimant.

The plaintiff in attachment *joined issue on the claim of claimant,* but took judgment by default against the defendant in attachment, and without any order for writ of inquiry proceeded to try the question of damages, plaintiff claimed against the defendant in attachment, and then moved the court to strike the claimant's affidavit and bond from the case. This joinder of issue disclosed all the details of the claim and showed beyond question the merits of the claim.

The point now is assigned for error that the court erred in discharging the bond. Surely plaintiff in error cannot complain of a judgment made in the court below on his own motion. He is estopped to ask reversal of the judgment given on his own motion.

The claimant now says that the judgment appealed from ought to be sustained and affirmed, so far as it responded to plaintiff's motion and struck claimant's affidavit and his claim from the files of the case and dis-

charged the claimant and his sureties on his bond as such claimant. I can only account for the peculiar tactics of plaintiff in the trial of this case on the idea that under *The First National Bank* v. *Tchula Com. Co.*, 132 Miss. 58, and other cases, he saw he was gone; that this money collected by the bill of lading with draft attached could not be reached by attachment, and he would thus try other tactics than a trial of the issue he had joined with the claimant.

The claimant therefore insists that having gotten the judgment he asked the court for, he cannot now turn around and ask this court to reverse that judgment. Plaintiff in attachment having joined with the claimant waives his right to have the claimant's affidavit and pleading dismissed. This was expressly decided in *Canty.* v. *Wood et al.*, 38 So. 315 (not officially reported). The reasons there given apply here. A claimant cannot be thus defeated by a combination and conspiracy between that plaintiff and the garnishee to have the garnishee refuse to answer and thus cut claimant out of his right to protect his interest in the property levied upon by attachment through garnishee process.

The judgment as to the dismissal of claimant must therefore be affirmed.

*R. N. Miller,* for cross-complainant.

The judgment by default against the cross appellant is utterly void, because the judgment against the defendant in attachment is so utterly void. The judgment against the Meteor Motor Car Company, defendant in attachment, was taken in violation of section 783, Code of 1906, at the return term of the process and of the court. This section has been construed in *Alexander* v. *Porter,* 88 Miss. 532. The plaintiff in attachment must first get a valid judgment against the defendant in attachment before he can ask judgment against the gar-

nishee. The judgment against the defendant in attachment is not only void for that reason, but for all the reasons assigned in cross-appellant's cross appeal in this case, and the judgment by default against the garnishee herein must be reversed nd the garnishee discharged.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, who was plaintiff in the court below, sued out an attachment against the Meteor Motor Car Company, alleged to be a nonresident of the state—a resident of Piqua, Ohio—and a writ of garnishment was served on the Merchants' & Planters' Bank of Hazlehurst, Miss. No personal summons was served upon the defendant or any agent within this state, but a notice was published in the Hazlehurst Courier, a newspaper published at Hazlehurst, Miss., addressed to the Meteor Motor Car Company of Piqua, Ohio, commanding it to appear before the circuit court of Copiah county on the third Monday of November, 1923, to plead to said action. No property was seized belonging to the defendant other than the funds alleged to be in the said bank at Hazlehurst, Miss. On the fifth day of September, 1923, the Piqua Savings Bank Company of Piqua, Ohio, filed an affidavit in the circuit court in said cause reciting the filing of said suit, and the issuance of writ of garnishment, based on the said attachments, by which the Merchants' & Planters' Bank of Hazlehurst, Miss., was summoned as garnishee, and reciting that the said Merchants' & Planters' Bank, as garnishee aforesaid, now has in its possession the sum of one thousand two hundred and fifty dollars, which it is charged in the attachment suit aforesaid belongs to the Meteor Motor Car Company, the defendant therein, and is due to the Meteor Motor Car Company aforesaid by the Merchants' & Planters' Bank. The said writ of attachment and garnishment issued, has been executed, and affiant says that

the said money, to-wit, the sum of one thousand two hundred and fifty dollars, now in the hands of said 'Merchants' & Planters' Bank of Hazlehurst, is the money and property of the said Piqua Savings Bank Company, and is not the money or property of the said Meteor Motor Car Company. Bond was given by the claimant in the sum of two thousand five hundred dollars with the Fidelity & Deposit Company of Baltimore, Md., a surety, conditioned to prosecute this claim to effect, and if it failed therein to pay to the said Copiah Hardware Company all such damages as may be awarded against the said Piqua Savings Bank Company, and deliver and pay over to the sheriff of Copiah county the sum of one thousand two hundred and fifty dollars, etc. The Merchants' & Planters' Bank of Hazlehurst did not file an answer to the writ of garnishment. On the 19th day of November, 1923, the Copiah Hardware Company filed a motion to make up issue, reciting:

"Now comes the Copiah Hardware Company, plaintiff in the above styled and numbered cause, and shows unto the court that the Piqua Savings Bank of Piqua, Ohio, has filed a claimant's affidavit, and is claiming the funds garnisheed as the funds of the Meteor Motor Car Company, to belong to said claimant bank, and that plaintiff joins issue upon said claim, and denies that the said funds garnisheed belonged to the Piqua Savings Bank, and moves the court to make up said issue and direct the trial of said cause."

On the 11th day of December, 1923, the Copiah Hardware Company filed a motion in the said cause to strike the claim of the Piqua Savings Bank from the files, and for judgment against the said claimants. On December 15, 1923, the following judgment was entered in said cause:

"This cause coming on to be heard, came the plaintiff by its attorney, and the defendant being solemnly called, came not but wholly made default, and the court on the plaintiff's motion having heard and considered the mat-

ter, it is ordered by the court that the plaintiff have and recover of the defendant, in this behalf; and thereupon came a jury of good and lawful men, to-wit, S. R. Fairchild and eleven others who were duly empaneled and sworn according to law, upon their oaths say, 'We, the jury, find for the plaintiff and assess plaintiff's damages at four hundred dollars.' And the same having been considered by the court, it is ordered by the court that the plaintiff have and recover of the defendant the sum of four hundred dollars, the amount of its damages assessed as aforesaid, besides the cost in this behalf expended. It further appearing to the satisfaction of the court that the Merchants' & Planters' Bank was duly summoned as garnishee herein, and has failed to appear and answer as required by law, and the cause having been considered by the court, it is ordered by the court that the plaintiff have and recover of and from the Merchants' & Planters' Bank, as the garnishee herein, the sum of four hundred dollars, the amount of plaintiff's judgment as aforesaid with interest thereon from this. It further appearing to the court that heretofore an affidavit was filed by the Piqua Savings Bank of Piqua, Ohio, as claimant, and a bond for the sum of two thousand five hundred dollars was given with the Piqua Savings Bank Company as principal, and the Fidelity & Deposit Company of Baltimore, Md., as surety, payable to the plaintiff, the Copiah Hardware Company, and a motion having been first filed by the plaintiff to strike from the files the claim of the Piqua Savings Bank, and the motion having been sustained, it is ordered said claimant and sureties on its bond as such claimant, are and be and the same discharged and released. It is further ordered that all costs of this suit be taxed against the garnishee for which let execution issue.''

From this judgment the plaintiff, the appellant here, prosecuted an appeal, complaining that it was error in the said judgment to relieve the claimant and sureties on

its bond from liability to plaintiff. The claimant and the Merchants' & Planters' Bank prosecute cross-appeals attacking the validity of the above judgment. Among the grounds of attack on cross-appeal is the ground that the post office of the defendant as published in the notice was Pique, Ohio, and not Piqua, Ohio, where the defendant really lived. Another ground is that the judgment is void, because entered by default without personal summons being served upon the defendant at the return term of the process, and therefore that there could be no valid judgment against the Merchants' & Planters Bank or against the claimant.

On the direct appeal we think the court should not have stricken from the files the claimant's issue and released the claimant and its bond from liability.

It is true the claim was prematurely filed, but the facts that the Merchants' & Planters' Bank held the funds garnisheed and involved in the controversy were set forth, and if the garnishee answered it could then, after the determination of the issue between the plaintiff and the garnishee, have been heard in the controversy. It is true that the garnisheed bank not having answered became liable under the law to the plaintiff for the amount of his claim, when he had established his claim against the principal defendant. However, the issue between the plaintiff and the defendant could not be disposed of at the return term, under section 783 of the Code of 1906 (section 566, Hemingway's Code), providing that judgment by default shall not be entered at the return term unless it appear that the process had been served personally on the defendant. This was distinctly held in the case of *Alexander* v. *Porter,* 88 Miss. 585, 41 So. 6, and in *J. B. Colt Co.* v. *Ward,* (Miss.), 99 So. 676.

We think under these authorities that the whole proceeding in the circuit court was premature, and that the defendant had until the next term of court to prepare for trial, and have a hearing at that term of the court. In

our opinion the misspelling of the post office of the defendant does not avoid the judgment because it falls within the doctrine of *idem sonans*. The sound is practically the same, though the spelling is slightly different. Therefore the judgment on both direct and cross appeal will be reversed, and cause remanded for further proceedings.

*Reversed and remanded.*

On Suggestion of Error.

Ethridge, J.

In our former opinion, we stated that the claimant, the Piqua Savings Bank, prosecuted a cross-appeal. This was an erroneous statement, as it did not prosecute a cross-appeal. It had filed a claim to the money garnished and had given bond and procured the amount of money which the garnished bank held. This error of statement, however, does not change the result of the former holding. The claimant's issue should not have been disposed of until the final disposition of the issue between the plaintiff and the defendant and, also, the garnishee. The judgment taken, being before the law authorized it to be taken, was void, and it necessitated a complete reversal of the cause and reinstatement of the *status quo* in the court below.

*Suggestion of error overruled.*