Piqua Sav. Bank *et al. v.* Copiah Hardware Co.*

(Division A.    March 7, 1927.    Suggestion of Error Overruled April
4, 1927.)

[111 So. 836.    No. 26088.]

1. Trial. *Plaintiff need not prove judgment against attachment
debtor, where claimant to funds makes no specific objection but
agrees judgment existed.*

Where on trial of issue presented by claimant in attachment pro-
ceeding no specific objection was made to judgment against at-
tachment debtor, but on the contrary it was expressly agreed

that such judgment existed, plaintiff was relieved of necessity of proving it.

2. Judgment. *Claimant of funds in attachment proceedings has burden of proving facts alleged to render judgment against attachment debtor invalid (Hemingway's Code, sections* 139, 4094).

Claimant of certain funds in hands of garnishee in attachment proceedings has burden of proving failure of proper service of judgment debtor, under Code 1906, sections 147, 920 (Hemingway's Code, sections 139, 4094), alleged to have rendered judgment invalid, since judgment is presumed to be correct in absence of defects appearing on its face.

3. Attachment. *Plaintiff's failure to make issue at return term to try claimant's right to funds in garnishee's hands held not to constitute "default" (Hemingway's Code, sections* 3266, 3267).

Failure of plaintiff in attachment proceeding to move at return term to make up issue to try rights of claimant to funds in hands of garnishee *held* not to constitute default, under Code 1906, sections 4992, 4993 (Hemingway's Code, sections 3266, 3267), as such sections apply only to claim of third person to property levied on by execution.

*Corpus Juris-Cyc. References: Attachment, 6CJ, p. 391, n. 56; Evidence, 22CJ, p. 128, n. 83; Judgments, 34CJ, p. 537, n. 72; p. 538, n. 73; Trial, 38Cyc, p. 1328, n. 55, 60.

Appeal from circuit court of Copiah county.

Hon. E. J. Simmons, Judge.

Attachment proceeding by the Copiah Hardware Company against the Meteor Motorcar Company, wherein the Piqua Savings Bank claimed certain funds in the hands of the garnishee. Judgment against the claimant on the trial of that issue, and claimant appeals. Affirmed.

*R. N. & H. B. Miller* and *R. H. & J. H. Thompson,* for appellant.

*Wilson & Henley,* for appellees.

Argued orally by *R. H. Thompson,* for appellants, and *W. S. Henley,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal by the Piqua Savings Bank, of Piqua, Ohio, claimant of certain funds in the hands of the garnishee in an attachment proceeding in which the Copiah Hardware Company was plaintiff and the Meteor Motorcar Company of Piqua, Ohio, was defendant. This is the second appearance of this cause in this court, having been appealed heretofore by the Copiah Hardware Company, plaintiff, and now appellee, and the decisions then rendered reversing the cause are reported in 136 Miss. 274, 101 So. 375 and 579, and the pleadings and issues are there fully stated. Upon the remand of the cause to the court below the claimant moved for judgment because the plaintiff had not tendered issue on the claim at the return term of the cause, and the court thereupon entered the following order:

"This cause coming on for hearing on motion of the Piqua Savings Bank Company for judgment, because it is alleged that the Copiah Hardware Company had not tendered the issue at the last term of this suit, and the court, having heard and considered the same, is of the opinion that said issue was properly tendered by the Copiah Hardware Company and was accepted by the Piqua Savings Bank Company, and is therefore of the opinion as the said issue was made up and accepted under the direction of the court at the November, 1923, term of court, that said motion should be overruled; and it is so ordered."

The appellee, Copiah Hardware Company, then filed a motion to have the claimant's issue again made up, and upon this motion the court entered the following order:

"This cause coming on for hearing on motion of the Copiah Hardware Company, to make up the issue between the Copiah Hardware Company, plaintiff, and the Piqua Savings Bank Company, claimant, and it appearing unto the court that at the November, 1923, term of the court the issue was made up between the Copiah

Hardware Company and the Piqua Savings Bank Company, and that this cause was appealed to the supreme court of the state of Mississippi, and that the mandate of the supreme court of the state of Mississippi reversing said case was not filed in the circuit clerk's office until the —— day of November, 1925, and it appearing unto the court that the Copiah Hardware Company has tendered the issue and denies that the property claimed is the property of the Piqua Savings Bank Company, it is the opinion of the court that the motion should be sustained and the issue between the Copiah Hardware Company and the Piqua Savings Bank Company should be made up, and the court so orders, and the Copiah Hardware Company and the Piqua Savings Bank Company appeared in open court and joined issue as directed by the court."

After some controversy as to whether the answer of the Merchants' & Planters' Bank, garnishee, had, in fact, been filed at the return term, this answer showing that the funds in its hands had been paid into court was, by consent, permitted to be filed, and thereupon the cause proceeded to trial against the defendant Meteor Motorcar Company, and resulted in a verdict and judgment against said defendant for the sum of five hundred fifty dollars.

Thereafter the cause came on for trial on the claimant's issue, and the claimant renewed its motion for a judgment, because issue thereon had not been tendered and made up at the return term of the court. This motion was overruled, and thereupon the following agreement was entered of record:

"It is agreed by and between counsel representing the plaintiff and the claimant that a judgment has been rendered in this case in favor of the plaintiff against the defendant, the Meteor Motorcar Company, for the sum of five hundred fifty dollars, and it is agreed that a certified copy of the minutes of the court over the rendi-

tion of said judgment may be filed with the papers in this case.''

The trial of the claimant's issue resulted in a verdict and judgment against the claimant, from which this appeal was prosecuted.

On appeal, the appellant contends that the judgment against the original defendant in attachment is void, first, because process was not served on the said defendant, a nonresident corporation, in the manner required by section 920, Code of 1906 (section 4094, Hemingway's Code), which provides a method of service of process upon nonresident corporations found doing business in this state; and, second, if mistaken in the view that this statute applies to service of process on this defendant, that there was no sufficient affidavit as to the post office address of the said defendant to authorize service of the process by publication in a newspaper and mailing a copy of the notice, as provided by section 147, Code of 1906 (section 139, Hemingway's Code).

These contentions present interesting questions, which, under our view, do not arise on this record. In the trial of the claimant's issue the plaintiff was confronted with the necessity of showing a judgment against the attachment debtor, but in this case the necessity of proving this judgment was satisfied by the agreement entered of record that such a judgment had been rendered. A judgment which is void for want of notice, or jurisdiction of the person or thing, may be attacked in a collateral proceeding such as this, but if, in the face of the agreement as to the judgment, the appellant could have attacked the validity of this judgment, there is nothing in the record of the trial of the claimant's issue to show any defect in the service of process or any invalidity in the judgment. While the record of the proceedings in the trial against the attachment debtor was sent up to this court with this appeal, this record was not offered in evidence in the trial of the claimant's issue, and was in no way made a part of that record. No specific objection was

made in the court below to the judgment against the attachment debtor, but, on the contrary, it was expressly agreed that such judgment existed, thereby relieving the appellee of the necessity of proving it. The defects which it is now claimed render the judgment void do not appear on its face, and it is presumed in law to be correct and valid, and the burden was upon the party seeking to avoid the effect of the judgment to show the facts which render it invalid.

The appellant next contends that an issue was not made up to try the claimant's rights to the property at the term of court to which the attachment was returnable, and that plaintiff's failure to tender issue to the claimant entitled the claimant to the property or funds impounded. At the return term the appellee filed a motion reciting the filing of the claimant's affidavit, "and that plaintiff joins issue upon said claims, and denies that said funds garnished belonged to the Piqua Savings Bank, and moves the court to make up said issue and direct the trial of said cause." The court below by an order hereinbefore set forth held that this constituted a sufficient tender of issue and that the issue was made up and accepted under the direction of the court at the return term. Without passing upon the correctness of this order of the court below, we hold that the plaintiff, having, at the return term, moved the court to make up the issue, was not in default, in view of the construction placed upon the pertinent statutes in the case of *White* v. *Roach*, 98 Miss. 309, 53 So. 622. In that case the court recognized and reaffirmed the prior holding of the court that the provisions of sections 4992 and 4993, Code of 1906 (sections 3266 and 3267, Hemingway's Code), as applied to the claim of a third person to property levied on by execution, require that the issue be made up at the return term, and not afterwards, and that the party in default, whether plaintiff or claimant, is cast in the suit, but, in discussing the application of these statutes to the claimant's issue in attachment suits, the court said:

"It is contended that the statute applies with equal force to the claimant's issue in attachment suits, and under like conditions, the same result will follow. Such a construction, however, is without foundation in reason. Section 163 provides that the claimant's issue shall not be tried until after final judgment in favor of the plaintiff in attachment. Then why make up the issue in the first term of court? It may never be tried; for, if the plaintiff fails either on the attachment or debt issue, that is the end of the matter. Why require the claimant to attend court with his witnesses from term to term, when the trial of the issue depends entirely on the result of the main suit? Statutes must be given a reasonable construction, unless in so doing their plain provisions are violated. Our judgment is that the word 'trial,' in the last clause of section 163 is used in its comprehensive sense, and means, not alone that the claimant's issue shall not be tried until final judgment in the main case, but that such issue is not to be made up until then; the making up of the issue being a part of the 'trial' in the broad meaning of the word. The claimant, at his peril, must watch the progress of the main case, and when final judgment is rendered be ready to join issue on plaintiff's tender, which may not be made until then, so the trial of it may proceed."

On the merits, we do not think this case is controlled by the case of *First National Bank* v. *Tchula Commercial Co.*, 132 Miss. 58, 95 So. 742, holding that under the federal Uniform Bills of Lading Act (U. S. Comp. St., sections 8604aaa to 8604w), the proceeds of a draft attached to an order bill of lading cannot be subjected to the consignee's demand against a shipper for damages resulting from defects in the shipment, where the shipper transferred the draft to an innocent holder or assignee. The record does not show whether the shipment here involved moved under a straight bill of lading, which is nonnegotiable, or under an order bill of lading, which is negotiable, and upon all the proof as to the character of the bill

of lading, and to whether the appellant was an innocent holder of the draft to which the bill of lading was attached, we do not think the appellant was entitled to the peremptory instruction requested by it. The action of the court in granting or refusing other instructions presents no reversible error.

The judgment of the court below will therefore be affirmed.

*Affirmed.*