FLORENCE J. ALEXANDER *v.* JASPER E. PORTER ET AL.

[41 South. Rep., 6.]

1. ATTACHMENT. *Judgment by default. Return term. Publication.*

A judgment by default in an attachment at law against a non-resident is utterly void if rendered at the return term on proof of publication only.

2. SAME. *Supreme court. Practice.*

The supreme court will not affirm a judgment void upon its face because appellant sought relief in the court below and failed to point out its fatal infirmity.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Porter and others, the appellees, were plaintiffs in the court below; Mrs. Alexander, the appellant, was defendant there. From a formal judgment in plaintiffs' favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*R. W. Cutrer,* for appellant.

A judgment by default, entered at the return term, on constructive service, will not be permitted to stand, when the statute says: "Judgment by default shall not be entered at the return term unless it appear that the process has been served personally on the defendant."

Code 1892, § 722. The statute is peremptory, and its plain mandate cannot be avoided or evaded.

Code 1892, § 143, says how publication for nonresident defendant shall be made, and that unless the defendant appear on the first day of the next succeeding term of the court and plead to said action judgment will be entered, and the estate attached will be sold. In this case appellant, by her attorney, appeared at the return term and asked leave to plead, which was denied.

The judgment entered by default on constructive service at the return term is void. *Betts* v. *Baxter,* 58 Miss., 329 ; *Heiman* v. *Strickland,* 60 Miss., 234 ; *Moore* v. *Hoskins,* 66 Miss., 429 (s.c., 6 South. Rep., 500).

*H. V. Wall,* for appellees.

Several days after judgment had been taken, appellant, by her attorney, made a motion to set aside the judgment taken by default, and set out as a reason that defendant, or appellant, was quarantined in Louisiana and out of the state of Mississippi, and that she did not owe this amount.

No affidavit accompanied this motion, and there was absolutely no proof offered of the alleged facts. This motion was overruled by the court below.

Counsel abandons the proposition that his client was quarantined out of the state of Mississippi when he goes to file his brief in this case, and goes off on the proposition that the judgment by default was wrongfully rendered at the return term on publication only. The proposition cannot be raised in this court for the first time. This question is so well settled in this state that I will not cite authorities.

MAYES, J., delivered the opinion of the court.

The record in this case shows that the judgment entered by the circuit court is a void judgment. Suit was commenced in July, 1905, by an attachment against Mrs. Alexander, she being a nonresident at the time. Publication was duly made requiring her

to appear at the September term, 1905, and at the September term, 1905, judgment by default was rendered against the defendant on this constructive service.    On the motion to set aside the judgment in the lower court the invalidity of the judgment was not assigned as one of the reasons why the court should vacate  the judgment, and this point is made for the first time here.    While it is true that this court has decided that it will not take notice of any objection which is urged for the first time in the supreme court, yet it will not affirm a judgment void on its face, when appealed to this court, even though this objection was not made in the lower court.   There is no judgment for this court to affirm.    The suit is merely a pending suit in the lower court.

*The cause is reversed and remanded.*