## J. B. Colt Co. *v.* Ward*.

### (Division B.   April 21, 1924.)

#### [99 So. 676.   No. 24099.]

Judgment. *Rendered on publication of summons against nonresident entered at return term without appearance void.*

Under the provisions of section 783, Code of 1906 (section 566, Hemingway's Code), providing that "judgment by default shall not be entered at the return term, unless it appear that the process has been served personally on the defendant", a judgment rendered at the return term against a nonresident on publication only in an attachment suit is void and not merely voidable. No final judgment can be entered without appearance or pleading until the next term of the court. *Alexander* v. *Porter*, 88 Miss. 585, 41 So. 6, cited.

*Headnote 1.   Judgments, 33 C. J., section 50.

Appeal from circuit court of Attala county.

Hon. T. L. Lamb, Judge.

Suit by the J. B. Colt Company against R. A. Ward. From a judgment sustaining a plea of *res judicata* and dismissing the suit, plaintiff appeals. Reversed and remanded.

*J. D. Guyton,* for appellant.

The question raised on this appeal is one of law, made by the pleadings, no issues of fact being involved. As a foundation to support the argument made herein to the effect that the judgment rendered in the Hollingsworth case against the non-resident is void, I first present to the court the law regarding the duty of a garnishee in paying

a judgment rendered against him.   28 C. J. — Garnishment, sec. 635, page 405; *Berry* v. *Anderson,* 2 Howard 649; *Ford* v. *Hurd,* 4 S. & M., 683; Sec. 2350, Code 1906 (sec. 1945, Hem. Code); the cases of *Reeves Grocery Co.* v, *Thompson,* 105 Miss. 729, 63 So. 187, and *Russell* v. *Allen,* 110 Miss. 722, 70 So. 890, construing the foregoing code section, are not applicable to the case at bar.

The judgment against the debtor is void—The judgment against J. B. Colt Company in the Hollingsworth case is void on its face because it was taken at the return term by default on process on the defendant, J. B. Colt Company, a non-resident, by publication only, and is therefore prohibited by section 783, Code 1906 (section 566, Hemingway Code).   This statute has been repeatedly construed by this court.   *Betts* v. *Baxter,* 58 Miss. 329, 333 and 334; *Heirman & Kahn* v. *Stricklin,* 60 Miss. 234, page 237; *Moore* v. *Hoskins,* 66 Miss. 499, 6 So. 500; *Alexander* v. *Porter,* 80 Miss. 585, 41 So. 6.   It will be observed that the last cited case was one by attachment against a non-resident, and is therefore on "all fours" with the case at bar.   Sec. 168, Code 1906 (Sec. 160, Hem. Code) does not save the appellee.

The judgment pleaded in bar being "void," "void on its face," it is subject to collateral attack:  *Campbell* v. *Brown,* 6 How. 106; *McComb* v. *Ellett,* 8 S. & M. 505; *Hemphill* v. *Hemphill,* 34 Miss. 68; *Theobald* v. *Deslonde,* 93 Miss. 208, 46 So. 712; *Campbell* v. *N. O. National Bank,* 74 Miss. 526, 21 So. 400; 23 Cyc. 1070, generally.

*R. H.* and *J. H. Thompson,* for appellee.

The question at bar is:  Was the judgment against Colt & Company rendered in the attachment suit utterly void?  It makes no difference that it may have been erroneous.   It will be noted that the appellants in the case at bar, Colt & Company, did not claim that the special plea did not answer the entire declaration, but treated it, if good, as a defense to the plaintiff's entire demand, and therefore this court must so treat it.   No point can

be raised in this court not presented in the court below. The circuit court overruled the demurrer, plaintiff declined to plead further and judgment was rendered for Ward, defendant in the suit at bar, and plaintiff has appealed therefrom to this court.

The provisions of Mississippi Code of 1906, section 920, providing for the mailing by the clerk of the court a copy of the process to the defendant and that no judgment shall be taken until thirty days after such mailing can have no application to the attachment suit under consideration, because the record of that suit affirmatively shows that the post office address of Colt & Company, defendant in attachment was unknown and could not be ascertained by diligent inquiry. Surely the statute was not intended to forever prevent the rendition of a judgment in attachment against a non-resident corporation defendant until the impossible was done. If, however, the statutory provisions can have application, the rendition of the judgment was mere error and the judgments are not void or subject to collateral attack as made in this case.

The circuit court of Attala county certainly had jurisdiction of the attachment suit; the attachment was duly sued out; the affidavit made and bond given in said suit warranted the issuance of the attachment writ and the writ of garnishment. The attachment was duly executed on personal property belonging to the defendant in attachment and the garnishment writ was duly and personally served on Ward (the appellee in the suit at bar) and he answered admitting an indebtedness due from him to the defendant in attachment. An affidavit was filed in behalf and for the plaintiff in attachment showing that the defendant in attachment was a non-resident and that its post office address and place of residence were unknown after diligent inquiry. This affidavit was made and filed on the day the attachment was sued out and it authorized the service of the summons on defendant in attachment by publication

in a newspaper. The publication was made in a newspaper of the county for three weeks before the return day of the process; the first publication of the summons was made full three weeks before the return day. Surely these things gave the court jurisdiction to condemn the property levied upon under the attachment writ and to render a judgment against the garnishee. However erroneous the judgments in the attachment case may be, the case at bar, we submit, will have to be affirmed, because the judgments in the attachment case are not absolutely void and are not subject to collateral attack.

The foregoing parts of this brief have been written without reference to the decision of the case of *Alexander v. Porter,* 88 Miss. 585, S. C., 41 So. 6, because that case was a direct appeal from the judgment complained of and did not involve the question now before the court, and the opinion therein rendered, we think was decided erroneously in that the statute construed was treated as applicable to attachment suits when it should have been held to have no application to them. The statute, there applied is Code 1892, section 722, Amended Laws 1904, chapter 142, section 198; Code 1906, section 783. The concluding clause of that statute in these words: "Judgment by default shall not be entered at the return term, unless it appears that the process has been served personally on the defendant," has application only to suits not triable upon issue joined at the return term of the summons. The statute, section 783, Code 1906, itself recognizes that attachment suits are triable at the return term, and besides Code 1906, section 168, in the chapter on attachments, expressly provides for judgments by default "if the defendant shall not appear and plead to the action in pursuance of notice." The notice required the defendant in attachment to appear at the return term of the process, the first term after its issuance.

The proper construction of the last sentence in Code 1906, section 783, makes its provisions apply only to that part of the section preceding the word, "except." Spe-

cific provisions of a statute relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law which might otherwise be broad enough to include the particular subject. *Felt* v. *Felt,* 19 Wis. 196; Sutherland on Statutory Construction, 412, sec. 325.

An attachment suit is authorized alone by statute; it is the creature of a statute and the statute on the subject is controlling no matter what the law may be relating to suits generally. The language of Judge Mayes in *Alexander* v. *Porter,* pronouncing the judgment void, was unwarranted by the record. It illustrates that some judges as well as many lawyers and laymen frequently use the term void, meaning voidable. If the judgment was prejudicially erroneous it was proper to reverse it and remand the case as was done.

In the appellant's brief three decisions by this court are cited as if conclusive of the cause at bar. They are *Betts* v. *Baxter,* 58 Miss. 329; *Herman & Kahn* v. *Stricklin,* 60 Miss. 234, and *Moore* v. *Hoskins,* 66 Miss. 499, 6 So. 500. The court will note that neither of the cases was an attachment suit and therefore not authoritative on the point involved in the case at bar, and do not answer our contention that the concluding sentence of Code 1906, section 783, has no application to cases expressly made triable at the return term of the writ, and cannot be invoked in attachment suits.

The decision of this court in *Burns* v. *Loeb,* 59 Miss. 167, is decidedly pertinent to the suit at bar. There a judgment by default in an attachment suit was taken upon the second day of the term of the circuit court to which the process was returnable. At that time the statute gave a defendant until the third day of the term in which to plead. In that case as in the attachment suit now under consideration the judgment was rendered before the expiration of the time allowed the defendant to present his defense. This court in an opinion delivered by Cooper, J., held the judgment in *Burns* v. *Loeb,* to have been

merely erroneous, refusing to follow *Winston* v. *Miller,*
12 Smed. & M. 550, wherein a judgment so rendered was
not reversed because the defendant had not moved the
trial court to vacate it during the term at which it was
rendered.

Ethridge, J., delivered the opinion of the court.

The appellant filed suit in the circuit court against the
appellee for two hundred ninety-one dollars and seventy
cents, together with interest from September 4, 1920, on
a certain promissory note executed September 22, 1919,
and due and payable September 24, 1920.   The defend-
ant pleaded the general issue and also a special plea, in
which special plea he alleged that the plaintiff ought
not to have and recover in said action because on or
about the 10th day of August, 1920, an attachment was
sued out by S. V. Hollingsworth against the J. B. Colt
Company, returnable at the September term of the cir-
cuit court; that at the same time of the suing out of the
attachment, R. A. Ward, the defendant in the pres-
ent suit, was summoned in the manner and form as re-
quired by law as garnishee and required to answer un-
der oath in writing whether he was indebted to the
said J. B. Colt Company, and, if so, in what sum and
whether due or not; that the said R. A. Ward answered,
admitting the debt to the said J. B. Colt Company, and
that the said J. B. Colt Company, plaintiff, is the same
J. B. Colt Company that is defendant in the said attach-
ment suit, and that Ward, who is defendant in the pres-
ent suit, is the same Ward who is garnishee in that suit;
that publication was made for the said J. B. Colt Com-
pany in an attachment suit and at the September term of
the circuit court a judgment was taken by default against
J. B. Colt Company in favor of the plaintiff in the at-
tachment suit, Hollingsworth, and that the judgment was
taken against the said R. A. Ward, garnishee, on his
answer, which answer was filed September 6, 1920; that

said judgments were entered in the minute book of the circuit court, and that thereafter executions were issued on the said judgments and that defendant, Ward, paid to the sheriff, who held and served such executions, the money adjudged against Ward as garnishee, whereby he was and became discharged of his debt to the plaintiff in the present suit. The entire proceedings of the attachment suit are made exhibit to the special plea, and show that publication for the said J. B. Colt Company was made in the issues of the Star Herald, a newspaper published at Kosciusko, Miss., on August 13, August 20, August 27, and September 8, 1920. The notices so published did not state the post office address of the defendant, an affidavit having been made by the attorney for Hollingsworth that such post office address could not be ascertained after diligent inquiry. The proof of publication of the said notices was made on the 4th day of September, 1920, and filed on the 7th day of September, 1920. The judgment appears to have been rendered on the 7th day of September, 1920.

To this special plea the plaintiff demurred on the ground that the judgment showed on its face that said judgment was null and void because taken on the return term of the court against a nonresident by service of publication only, and not by personal service of summons, and that a judgment can only be rendered against the garnishee when there is a valid judgment against the attachment defendant, and, where a judgment is void on its face, that it is the duty of the garnishee to plead such fact, and because the court had no jurisdiction at such term to render any judgment. The demurrer was overruled, the plaintiff declined to plead further, and final judgment was entered sustaining the plea of *res judicata* and dismissing the plaintiff's suit.

It is provided by section 566, Hemingway's Code (section 783, Code of 1906), that judgment by default shall not be entered at the return term unless it appear that the process has been served personally on the defendant.

In *Alexander* v. *Porter*, 88 Miss. 585, 41 So. 6, this court held that a judgment entered on publication without personal summons at the return term was void. It is said by the appellee here that the court in the case of *Alexander* v. *Porter* used the term "void" unadvisedly, and that it should be construed to mean "voidable," and that that judgment of reversal was on a direct appeal and was not a collateral attack, and that such question cannot be raised in this case because it is a collateral attack, and the judgment was merely voidable and not absolutely void. The court in the Alexander Case pronounced the judgment to be absolutely void; the court saying in its opinion in that case:

"There is no judgment for this court to affirm. The suit is merely a pending suit in the lower court."

We think under the statute above referred to that the court is prohibited from entering a judgment at the return term unless there is personal summons upon the defendant. The defendant in the attachment suit on such publication has until the next term of the circuit court before any judgment can be entered finally disposing of the litigation. He may appear at the next term and contest the suit with the attaching creditor, and therefore the judgment is void and the plea of *res judicata* is bad and the demurrer ought to have been sustained. It is said by the appellee that, if the judgment is void, the attachment suit is still a pending suit, and therefore that the present action could not be maintained against the appellee. It is unnecessary for us to pass upon this phase of the case because we are not fully advised from the record whether the suit is still a pending suit. That question may be raised and other appropriate questions by new plea.

The judgment of the court will be reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*