ETHRIDGE, Chief Justice:
Appellant, Lewis Ellis, attacks a default judgment rendered against him by the Circuit Court of Lowndes County in a suit brought by Mrs. Mary R. Milner, appellee, under the Nonresident Motorist Statute. Miss.Code Ann. § 9352-61 (Supp.1964). Ellis contends that it was rendered at the return term when the cause was not triable under the general statute. Mississippi Code Annotated section 1519 (Supp.1964) prohibits a default judgment at the return term, unless “process has been served personally” on the defendant. The question is whether process on the Secretary of State 'and notice thereof mailed to defendant under the Nonresident Motorist Act was personal service under code section 1519, which would authorize a default judgment at the return term. We think it was.
Mrs. Milner’s declaration, filed on November 16, 1965, averred that she received personal injuries while riding in her automobile, from the negligence of Ellis, who was driving a truck for Vareo Steel Company, an Arkansas corporation. Ellis is an adult nonresident of Mississippi, residing in Clarendon, Arkansas. Vareo is not involved in this appeal.
On November 18 summons was served on Heber Ladner, Secretary of State of Mississippi. On November 18 the Secretary of State mailed to Lewis Ellis, P. O. Box 307, Clarendon, Arkansas, a copy of the process served on him as the agent of Ellis, under the Nonresident Motorist Statute. On November 30 Ellis signed a return receipt for a copy of the process mailed to him by the Secretary of State by registered mail. The process was returnable to the December term, convening the first Monday of December 1965, which was December 6. The next regular term of the Circuit Court of Lowndes County, Mississippi, .convened on that date.
On December 21 plaintiff filed a motion for an interlocutory default judgment and a writ of inquiry of damages. On the same date the writ was issued and a final default judgment was rendered for plaintiff against Ellis in the amount of $9,500. The December term of court ended without Ellis filing any motion to set aside the default judgment
At the March 1966 term, Ellis and Vareo filed an answer to the declaration, which alleged, among other things, that the default judgment against Ellis was void for defective process, and an appeal to the Supreme Court had been perfected. Within the proper time, Ellis filed an appeal bond from the default judgment.
The Nonresident Motorist Statute was first enacted in this State in 1938. Miss. Laws 1938, Ch. 148, 345. Mississippi Code Annotated section 9352-61 (Supp.1964) is in the traditional form. The acceptance by a nonresident of the rights and privileges of this State by operating a motor vehicle upon its streets and highways is deemed equivalent to the appointment by such nonresident of the Secretary of State as his agent upon whom may be served all lawful process or summons, in any action growing out of an accident or collision in which a nonresident was involved while operating a motor vehicle on state highways. Such operation shall signify the nonresident’s agreement that any process for any accident “shall be of the same legal force and validity as if served on him personally.” Process is served on the Secretary of State as the nonresident’s agent, “and such service shall be service upon said nonresident defendant with the same force and effect as if such nonresident had been personally served with process or summons within the State of Mississippi.” The Secretary of State shall send by certified or registered mail a copy of the process to defendant at his last known address, with return receipt to be obtained. The statute then provides: “The court in which the action is pending may order such continuance as may be nec- . *235 ’ essary to afford the defendant reasonable opportunity to defend the action.”
The basic purposes of the act are to provide a remedy for citizens of this State against nonresidents who operate automobiles within the State, and to afford a nonresident adequate notice of a pending suit with reasonable opportunity to defend the action. Nationwide Mut. Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964).
The general rule is that substituted service of process is complete when made upon the designated state official, and therefore receipt by the nonresident defendant of the specified notice of such service is not the determinative date for completion of process. Simmons v. Broomfield, 163 F.Supp. 268 (W.D.Ark.1958) ; Allen v. Campbell, 141 So. 827 (La.App.1932) ; Bessan v. Public Service Co-ordinated Transport, 135 Misc. 368, 237 N.Y.S. 689 (1929); Noseworthy v. Robinson, 203 Tenn. 683, 315 S.W.2d 259 (1958); 8 Am.Jur.2d Automobiles and Highway Traffic § 871 (1963); 61 C.J.S. Motor Vehicles § 502e (1) (1949).
In the instant case, process was served on the Secretary of State on November 18, 1965, returnable the first Monday of December. Ellis received the process on November 30. Although the term of court began on December 6, plaintiff did not move for a default judgment until December 21, 1965, on which date the default judgment was rendered. Over a month transpired between the date of service on the Secretary of State and rendition of the default judgment. Despite this, Ellis had no one file any pleadings for him in the court, or make any other representation to the court of any type. Under the circumstances, the trial court did not abuse its discretion in entering the default judgment when it did, provided the statutes permit it.
Appellant contends that there was no personal service of process on him, and therefore under section 1519 a default judgment could not be entered at the return term. Mississippi Code Annotated section 1519 (Supp.1964) states:
The defendant shall plead on or before' the first day of the term to which the process is returnable, or within thirty (30) days after service of process, whichever would cause the pleading to be filed earlier, or within such other time as the court, by rule or otherwise, may allow; and, for want of plea, judgment may be entered by default. * * * Judgment by default shall not be entered at the return term, unless it appear that the process has been served personally on the defendant.
The controlling question is whether service of process pursuant to the Nonresident Motorist Act is personal service within the meaning of the last sentence of Code section 1519, so as to authorize judgment by default at the return term based on personal process. Generally, personal service means the actual delivery of the process to the defendant in person, or someone who is authorized to receive it in his behalf. 42 Am.Jur., Process § 48 (1942). Service of process upon one whom a nonresident has appointed, either expressly or by implication of law, as his resident agent or lawful attorney upon whom legal process may be served may be effective as personal process upon a nonresident. 42 Am.Jur., Process §§ 51 (1942). Section 9352-61 reflects the legislature’s intent to create a service of process tantamount for all purposes to personal service.
Although the act relates primarily to jurisdiction, it has the purpose of placing a nonresident motorist summoned under it on a parity with a resident in all respect's. It requires the nonresident using state highways to consent to service of process upon the Secretary of State, but the Secretary of State is also required to send to him by certifiéd or registered mail a copy of the process, and the court may order *236 such continuances as may be necessary to afford him a reasonable opportunity to defend the action. The statute puts nonresidents on the same footing as residents in the litigation of accidents growing out of the use of the highways in this State. They have equal procedural rights once the prescribed service of process has been effected. For these reasons, section 9352-61 ascribes to the required service on the nonresident’s agent, the Secretary of State, all of the attributes of personal service within the State.
../ Nonresident motorist statutes in the various states are substantially alike. The above interpretation of the Mississippi act is in accord with the accepted application. For example, Solot v. Linch, 46 Cal.2d 99, 292 P.2d 887 (1956), with strikingly similar facts and statutes, held that service pursuant to the California Nonresident Motorist Act was personal service, for the purposes of another code section permitting vacation of the default judgment more than six months after its entry only if defendant was not personally served. It was held that the legislature intended to create a service of process tantamount for all purposes to personal service. The default judgment was valid and should not have been set aside after the six months. See Ehrenzweig, Conflict of Laws 96-98 (1962).
Cases holding that a judgment rendered at the return term against a nonresident on publication only is invalid, because not based on personal service, are not pertinent. Copiah Hardware Co. v. Meteor Motor Car Co., 136 Miss. 274, 101 So. 375 (1924) ; J. P. Colt Co. v. Ward, 135 Miss. 202, 99 So. 676 (1924). Process by publication is entirely different from personal process on the resident agent of a nonresident motorist.
In summary, personal process was had upon defendant through the Secretary of State on November 18, 1965, returnable to the December term of court. It was properly executed for that return term. Miss.Code Ann. § 1848 (1956). Defendant failed to answer at the return term, although the process had been “served personally” on him, in accord with the last sentence of Code Section 1519. Thus the trial court was authorized, on motion of plaintiff, to enter the default judgment. Cf. Miss.Code Ann. § 1547 (1956); Id. § 1519 (Supp.1964).
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.