Joan **LANDANDO** and Joseph Landando, Plaintiffs,

v.

**Raymond BLUTH, Defendant.**

No. 66 C 1479.

United States District Court
N. D. Illinois, E. D.

Nov. 20, 1968.

24. Chapman v. California, supra.

William J. McKenna, James Kirk Perrin, of McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., for Security Ins. Co.

Thomas McGarry, St. Louis, Mo., for Raymond Bluth.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for damages for injuries sustained in an automobile accident. At the time of the accident, defendant Bluth was insured under an automobile liability insurance policy issued by Security Insurance Company. This policy covered Mr. Bluth in the maximum amount of $25,000.00 for personal injuries sustained in one occurrence by one person. The policy also included a promise by Security to provide legal defense for Mr. Bluth as to claims payable under the terms of the policy.

With respect to its obligation under the policy to defend Mr. Bluth against claims presented in this suit, Security has moved to deposit its draft in the amount of $25,000.00 with this court on behalf of the defendant, to be applied to the claims of Joan Landando, thereby exhausting the monetary limit of Security's insurance of defendant Bluth as to claims made as a result of her injuries. Security also seeks an order of this court relieving it of any further obligation to defend Raymond Bluth against any claims of Joan Landando for personal injuries.

The insurance company contends that the opinion of the Seventh Circuit Court of Appeals in Denham v. La Salle-Madison Hotel Company, 168 F.2d 576 (7th Cir.1948), requires that Security's motion be granted. Defendant Bluth disputes the wisdom of Denham and cites numerous cases to support his position, but seems to concur in Security's view of what the Denham decision would dictate in this case.

The only general statement in Denham directly relevant to the instant motion, however, is that each case involving a promise to defend must be considered independently on the basis of the particular language in the contract at issue, and contrary to Security's assertion that the Denham court was "construing the same policy provisions now before this court", the relevant language here involved is considerably different than the language in Denham. The insurance policy in Denham provided,

It is further agreed that *as respects insurance afforded by this policy*, Underwriters shall—

(1) Defend the Assured in his name and behalf any suit against the Assured alleging such loss and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *. 168 F.2d at 584 (italics supplied)

The Court of Appeal's opinion as to this obligation to defend reads in part as follows,

Numerous cases are cited wherein the courts have considered a similar provision. It would serve no useful purpose to enter into an analysis of such cases as they all depend upon the phraseology of the particular provision under consideration. By analogy, however, they are of no benefit to the defendant's contention. True, paragraph (1) gives some color to the defendant's argument, but that paragraph is limited to the phrase which proceeds it, "as respects insurance afforded by this policy." Upon plaintiff's tender of $10,000, its liability for the payment of losses was extinguished. It was only obligated to defendant "as respects insurance afforded by this policy," and there being no further insurance afforded, we are of the view that its obligation to defend

was likewise terminated. Defendant's theory would produce the incongruous situation that plaintiff would have a continuing obligation to defend, notwithstanding its obligation to pay has been exhausted. We are of the view that no such liability was intended by the provision in question and that it cannot reasonably be so construed. Id. at 584.

The essential thrust of *Denham* is plainly that a court should consider the specific language in the particular contract at issue. It is also clear that in *Denham* the court focused on the phrase, "as respects insurance afforded by this policy", and found its only possible meaning to be that once payment up to the limit of coverage was made, i.e., "afforded", no further obligation to defend rested with the insurance company.

Although Security repeats the above phrase as though it were present in the instant contract, it is not here present. The obligation to defend in this case is framed as follows in Mr. Bluth's policy with Security,

> COVERAGE A—BODILY INJURY LIABILITY: COVERAGE B—PROPERTY DAMAGE LIABILITY: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
>
> A. bodily injury, sickness or disease including death resulting therefrom, hereinafter called "bodily injury", sustained by one person;
>
> B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage";
>
> arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and *the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy,* even if any of the allegations of the suit are groundless, false or fraudu-

lent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. (italics supplied)

The court in *Denham* regarded the particular language of the contract before it as reasonably subject only to the interpretation that the duty to defend was limited to "insurance afforded by this policy" so that when no more insurance was in force with respect to a particular claim by virtue of the tender of the full amount of the policy coverage, no further duty to defend existed. The language in the instant case, however, does not so limit the duty to defend. A reasonable interpretation of the language, "any suit alleging such bodily injury * * * and seeking damages which are payable under the terms of this policy" is that the insurance carrier has a duty to defend any such suit regardless of the amount of damages claimed or the tender of the limits of liability so long as part of the claim is payable under the policy.

Moreover, even if the language of the policy is deemed ambiguous, Security's motion cannot be granted. If the policy is ambiguous, it is subject to the well established legal principle that a contract is to be strictly construed against its draftsman. See, e. g., Alcoa S.S. Co. v. United States, 338 U.S. 421, 70 S.Ct. 190, 94 L.Ed. 225 (1949); Hurd v. Illinois Bell Tel. Co., 136 F. Supp. 125 (N.D.Ill.1955). In the insurance situation it is especially appropriate that the burden of clarifying policy provisions rest with the offering company rather than with the lay public to which it is offered. In light of the frequency of litigation concerning the question involved in this case, the insurance company can reasonably be expected to make its terms clear or have doubts resolved against it.

Accordingly, Security Insurance Company's motion to deposit its draft in the amount of $25,000.00 with this court on behalf of defendant, Raymond Bluth, to be applied to the claims of Joan Landan-

do, and for an order of this court relieving Security of any further obligation to defend Raymond Bluth against any claims of Joan Landando for personal injuries will be granted so far as leave to deposit is concerned, but denied so far as relief against the duty to defend is sought. An appropriate order will enter.