**WESTERN CHAIN COMPANY,**
Plaintiff,

v.

**AMERICAN MUTUAL LIABILITY IN-SURANCE COMPANY, Defendant.**

**No. 74 C 18.**

United States District Court,
N. D. Illinois.

Oct. 15, 1974.

Thomas L. Aries, Robert A. Holstein of Fohrman, Lurie, Holstein, Sklar & Cottle, Chicago, Ill., for plaintiff.

Kralovec, Sweeney, Marquard & Doyle, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both parties have submitted extensive memoranda, exhibits, and affidavits which the Court has reviewed.

This is a suit by the plaintiff Western Chain Company (hereinafter "Western Chain") against its insurance carrier, American Mutual Liability Insurance Company (hereinafter "American Insurance") arising out of a default judgment entered against Western Chain in the amount of $204,160.00. This judgment was entered in Simpson County, Mississippi.

The issue in this case is the interpretation of the condition in the insurance policy which states as follows:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

There is no real dispute as to the facts presented in this litigation. Chronologically they are as follows:

—March 10, 1971 American Insurance issued its General Liability Insurance Policy No. BLPC 768586 to Western Chain with an expiration date of March 10, 1972.

—April 27, 1971 a chain allegedly manufactured by Western Chain was purchased in Magee, Mississippi from a Dabbs & Company.

—May 5, 1971 a Billy Brownlee allegedly was using Western's chain when the chain allegedly broke causing injuries and death to Billy Brownlee on that date.

—January 9, 1973 suit was filed by the widow Nell Brownlee and the

minor children against Western Chain and summons issued by the Clerk of the Circuit Court of Simpson County.

—January 11, 1973 service of summons was made upon the Honorable Heber Ladner pursuant to the Mississippi "Long Arm Statute", Section 1437, Mississippi Code of 1942 as amended.

—January 15, 1973 Summons and Notice was received by Western Chain at its offices at 1807 Belmont Avenue, Chicago, Illinois by "Registered Mail—Deliver to agent or officer of addressee only—Return Receipt Requested—Registered No. 218–046 Postmaster: Please advise if Addressee refuses to accept delivery", all being pursuant to the provisions of the Mississippi "Long Arm Statute" and signed for by one John R. Miller an employee or agent of Western.

—January 15, 1973, Summons, Notice and Process given to Arthur W. Hill, President, General Manager and principal stockholder of Western Chain who put the process in "a pile of stuff on my desk . . .".

—March 20, 1973 the Summons and Notice are still on Mr. Hill's desk and default judgment is entered against Western in the sum of $204,160.00.

June 25, 1973 the first Notice to American Insurance of the lawsuit or the default judgment.

No one seriously disputes the fact that the summons was lying on the desk of the president of Western Chain. No inferences exist that American Insurance had actual notice of the suit nor does Western Chain contend that American Insurance did have notice. Western Chain argues that it was not required to give notice of the suit as a condition precedent to the rendering of a defense by American Insurance. In support of their position they point out the following: The summons they received from Mississippi Secretary of State did not contain a complaint and thus was indistinguishable from the many other legal notices received by Western; Western's president, Arthur W. Hill was distracted from his duties as president by the death of his wife and his own personal health problems; Western Chain's delay in notifying the insurance company should be excused due to non-culpable negligence.

Unfortunately this Court is bound to honor the terms of the contract to which the parties freely entered. Although Western Chain has demonstrated its good faith there is no doubt that it was negligent in failing to deliver the notice of the suit to American Insurance. Thus, if the Court were to excuse Western Chain from the conditions precedent of the contract would be to impose liability upon American Insurance without an opportunity to defend.

The case law in Illinois is clear and unambiguous that conditions in insurance contracts will be enforced. Johnson v. Banner Mutual Insurance Company, 40 Ill.App.2d 417, 189 N.E.2d 780 (1963); Chambers v. Prudence Mutual Insurance Company, 23 Ill.App.2d 508, 163 N.E.2d 553 (1959); International Harvester v. Continental Casualty, 33 Ill.App.2d 467, 179 N.E.2d 833 (1962). In *Johnson, supra*, the Illinois Appellate Court stated in upholding the insurer that:

"It is accepted in Illinois that an insured's failure to forward to his insurer process received by him does not preclude recovery on the policy when the insurer has, in fact, 'actual notice' of suit. However, those cases so holding indicate that 'actual notice' must be notice sufficient to permit the insurer to locate the suit and defend it. [Citing cases] We find no element of waiver or estoppel in this case. We conclude, therefore, that the instant statement of plaintiffs' attorney, accepted by the court, was insufficient to constitute 'actual notice' to Banner, so as to permit Banner to locate the suit and defend it."

While there are slight differences between the two principal text writers as to whether the condition relating to delivery of summons to the insurer is on the same level as the condition relating to notice of occurrence, with Appleman Insurance Law and Practice, Section 4740, holding the duty, "would seem to fall midway between the giving of notice and the duty to cooperate;" both are in full agreement as stated in Couch on Insurance 2d, Section 51:117:

"While in some cases involving earlier types of policies the question arose whether the insured was under an obligation under the cooperation clause of a liability policy, to forward suit papers to the insurer, liability policies ordinarily contain an express provision requiring the insured, if a suit is brought against him, immediately to forward to the insurer every notice, summons, or other process received by him or his representative, and it is well settled that the forwarding of papers provision is reasonable, valid, and enforceable.

The Court is in full accord with the proposition that an insurer should not easily be relieved of its duty to defend. Nevertheless it should be pointed out that the named insured and the plaintiff in this action is a corporation and appears to be a long established manufacturing corporation and not a legally unsophisticated individual. International Harvester v. Continental Casualty, *supra*.

A review of the cases cited by Western Chain discloses that none of them really deal with the specific legal question presented to this court. The present case is not one of a wrongful disclaimer by an insurer or an erroneous interpretation of an exclusion, such as presented in a number of cases cited by Western Chain. In all of those cases the insured did deliver the process to the insurer and then the insurer subsequently wrongfully disclaimed. In none of the cases does it appear that the condition of delivery of process to the insurer was breached and the effect of that breach was not the point of the particular authority.

Western Chain devotes a great deal of its argument to the position that American Insurance has not only a duty to indemnify but also a duty to defend the insured. Thus they argue that American Insurance should now defend Western Chain in the appellate proceedings in the Mississippi Courts. But since a vital condition of the insurance contract was breached the insurance company is under no duty to defend. If however the appellate court in Mississippi decides that a trial de novo is required because of the failure to provide adequate notice to the defendant then American Insurance would have a duty to defend. The rationale of course is that if a new trial was granted and American Insurance was given notice they would not be prejudiced by providing a defense. But as the situation stands at present American is unable to present a defense on behalf of the insured. If they had entered the case on behalf of Western Chain after the return of the $204,160 judgment they might have subjected themselves to liability for the judgment under waiver and estoppel principles. However if the case is re-opened American Insurance would not be prejudiced in any way by the failure to give the original notice and would have a full opportunity to defend the insured.

Accordingly, defendant's motion for summary judgment is hereby granted. Plaintiff's cross motion for summary judgment is denied.