317 So.2d 418 (1975)
WESTERN CHAIN COMPANY
v.
Mrs. Nell BROWNLEE et al.
No. 48140.
Supreme Court of Mississippi.
July 21, 1975.
Rehearing Denied September 9, 1975.
Stennett, Wilkinson & Ward, James A. Peden, Jr., Jackson, Robert A. Holstein, Chicago, Ill., for appellant.
Bowling, Coleman & Cothren, Jackson, Douglas M. Magee, Mendenhall, for appellees.
Before RODGERS, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice.
On March 20, 1973, the Circuit Court of Simpson County entered an intelocutory default judgment, and then a final judgment, based on writ of inquiry, for $204,160 against Western Chain Company, a non-resident corporation, and in favor of Mrs. Nell Brownlee, widow of Billy Brownlee, and her four minor children. The March, 1973, term of court ended on March 30, 1973. On August 6, 1973, Western Chain Company filed a motion to set aside and vacate these two judgments.
In its motion to set aside, Western Chain contended that, under the peculiar facts of this case, there was a failure of due process, and that the interlocutory and final judgments offended traditional notions of fair play and substantial justice. After a hearing on the motion, the court took the matter under advisement, and on October 8, 1973, rendered a written opinion overruling the motion. In its opinion, the court found:
"[S]aid briefs on behalf of the parties having been filed and the Court, after having examined the file in its entirety and particularly the matter pertaining to service of process in the manner and for the period of time required by law in such cases and all of the other evidence, is of the opinion and so finds that the Defendant has been afforded a fair and impartial hearing upon its Motion and, in view of the briefs filed and cases cited for and on behalf of the respective parties, the Court is of the opinion that there has been no fraud perpetrated upon the Defendant and that process in this case was served in the manner and *419 for the period of time required by law; that Arthur W. Hill, President of the Defendant Corporation, actually received this process, studied its contents and placed thereon a question mark. The Court further finds that although Mr. Hill had lost a loved one, it was shown in the testimony adduced upon the hearing of this Motion that he has been President of the Defendant Company since its inception and was President of the original Corporation; that he appears to be unusually mentally alert and responsive to and understanding of legal and business terms.... [Emphasis added].
"The Court further finds that, ... process was had in the manner and for the period of time required by law and it now appears that this process was received by the only one who had any authority, duty or obligation to act for and on behalf of Western Chain Company  its President, Arthur W. Hill; that he did read and keep, to the date of the hearing, the process from the Secretary of State."
We list the chronology of pertinent events:
On January 9, 1973, Mrs. Nell Brownlee, individually and for her four minor children, filed suit against Western Chain Company charging that her husband, 28-year-old Billy Brownlee, died on May 5, 1971, from injuries received on that day when a defectively made chain, manufactured and sold by Western Chain, broke and the front end of a wrecked car fell on him. The new chain had been purchased on April 27, 1971, from a retail hardware store in Magee, Mississippi, and was being used on a Berry Motor Company wrecker to hoist the front end of a wrecked automobile. After the front end of the car had been raised, Brownlee went underneath the car to check the transmission to see if the car could be moved without damage to the transmission. The chain broke, the car fell upon him, and he was fatally injured.
The suit was brought under Mississippi Code Annotated section 13-3-57 (1972) which provides in part:
"Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. [Emphasis added].
......
"Service of any process herein provided for to be made upon the secretary of state shall be made in like manner and procedure, inclusive of notice of service, and with the same force and effect, as is provided by law for service on nonresident motorist defendants under section 13-3-63, ... ."
That part of Mississippi Code Annotated section 13-3-63 (1972), having to do with the service of process provides:
"Service of such process or summons shall be made by the sheriff of Hinds County, upon prepayment of the fees to which he is entitled by law, by serving two copies of the process or summons *420 for each nonresident defendant, with a fee of five dollars ($5.00) for each such defendant on the secretary of state or by leaving two copies of said process or summons with the fee in the office of the secretary of state, and such service shall be service upon said nonresident defendant with the same force and effect as if such nonresident had been personally served with such process or summons within the State of Mississippi. One of the copies of such process or summons shall be preserved by the secretary of state as a record of his office. Notice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or registered mail, restricted for delivery to addressee only and with postage prepaid, by the secretay of state to each such nonresident defendant at his last known address, which address shall be written on the process or summons upon the issuance thereof by the clerk of the court wherein the action is pending, or notice of such service and copy of process or summons actually shall be delivered to the said defendant. The defendant's return receipt or evidence of defendant's refusal to accept delivery of such certified or registered mail, in case such notice and copy of process or summons are sent by certified or registered mail, or affidavit of the person delivering such notice and copy of process or summons, in case such notice and copy of process or summons actually are delivered, shall be filed in the court wherein such action is pending before judgment can be entered against such nonresident defendant. The secretary of state, upon receipt of such return receipt or evidence of the refusal of such defendant to accept delivery of such certified or registered mail, shall promptly return same to the clerk of the court wherein such action is pending, and the said clerk of the court shall promptly file and preserve same among the records of such action or proceeding...." [Emphasis added].
On January 11, 1973, in strict accord with the statute, the Hinds County Sheriff served two copies of the summons for Western Chain Company, 1807 Belmont Avenue, Chicago, Illinois, which summons was returnable before the Circuit Court of Simpson County on the second Monday of March, 1973, on the Secretary of State in Jackson, Mississippi.
On that same day the Secretary of State mailed a copy of the summons, together with a letter giving notice of such service, to Western Chain Company by "REGISTERED MAIL DELIVER TO ADDRESSEE ONLY RETURN RECEIPT REQUESTED". The letter giving notice of such service and the copy of the summons were delivered on January 15, 1973, and the return receipt was signed "Western Chain Company John R. Miller."
On January 15, 1973, the letter from the Secretary of State and the copy of the summons were placed on the desk of Arthur W. Hill, president, general manager, and principal stockholder of Western Chain Company. Mr. Hill was 75 years of age, had lost his wife of 53 years on November 3, 1972, and, according to an affidavit of his doctor, was still suffering from depression, melancholy, anxiety and emotional upset well into the Spring of 1973. On January 15, 1973, Mr. Hill put a question mark on the letter from the Secretary of State, and placed the letter and the summons in a "pile" of correspondence on his desk.
There being no answer or pleading of any kind filed, on motion of the plaintiff, the Simpson County Circuit Court, on March 20, 1973, entered an interlocutory default judgment against Western Chain Company. On that same day, after a writ of inquiry, the trial court entered a final judgment against Western Chain Company for $204,160. The March, 1973, term of court ended on March 30, 1973.
*421 On June 22, 1973, the plaintiff's attorney wrote Western Chain Company:
"No answer was filed on behalf of your company, and a Default Judgment was entered by the Court. I enclose copies of the Interlocutory Judgment and the Final Judgment."
Upon receipt of this letter, President Hill checked back and found the letter from the Secretary of State and the copy of the summons in the pile of correspondence on his desk. He contacted his Illinois attorneys, but it was not until August 6, 1973, that the motion to set aside default judgment was filed.
In Smith v. Temco, Inc., 252 So.2d 212 (Miss. 1971), this Court held that Mississippi Code Annotated section 13-3-57 (1972), covered strict products liability suits. In Smith, the Court said:
"In our view, one of the fundamental objects of the Legislature in adopting the 1964 amendment was to extend the personam jurisdiction of the courts of this State to the nonresident who may commit a tort in this State, either in whole or in part, to the injury of a resident of the State so as to provide a practical means for the enforcement of rights accruing under the products liability doctrine.
"Under the amended statute, a nonresident manufacturer of a dangerously defective or unsafe product who places it in interstate commerce for the purpose of distribution and ultimate sale to consumers in other States, whether with a specific intent that it be distributed, sold and used in this State or not, may be subjected to a personam action for damages in the courts of this State by such consumer who may be injured in this State as a result of its defective or unsafe condition." [252 So.2d at 216].
In Ellis v. Milner, 194 So.2d 232 (Miss. 1967), this Court held that service of process under Mississippi's long-arm statute [Mississippi Code Anotated section 13-3-63 (1972)], was personal service of process authorizing the entry of a default judgment at the return term of court. In Ellis, we said:
"In summary, personal process was had upon defendant through the Secretary of State on November 18, 1965, returnable to the December term of court. It was properly executed for that return term. Miss. Code Ann. § 1848 (1956). Defendant failed to answer at the return term, although the process had been `served personally' on him, in accord with the last sentence of Code Section 1519. Thus the trial court was authorized, on motion of plaintiff, to enter the default judgment. Cf. Miss. Code Ann. § 1547 (1956); Id. § 1519 (Supp. 1964)." [194 So.2d at 236].
The trial court was correct in granting an interlocutory default judgment, the final judgment based on writ of inquiry and in overruling the motion to set aside and vacate these judgments.
The final judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.