**WESTERN CHAIN COMPANY,**
**Plaintiff-Appellant,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 75–1065.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 4, 1975.

Decided Dec. 31, 1975.

Robert A. Holstein, Chicago, Ill., for plaintiff-appellant.

Henry J. Marquard, Edward V. Scoby, Chicago, Ill., for defendant-appellee.

Before STEVENS, Circuit Justice *, RIVES, Senior Circuit Judge,** and TONE, Circuit Judge.

---

* Mr. Justice Stevens participated initially as Circuit Judge, and on and after December 19, 1975 as Circuit Justice.

** Senior Circuit Judge Richard T. Rives of the Fifth Circuit is sitting by designation.

RIVES, Senior Circuit Judge.

Western Chain is an Illinois corporation which manufactures and distributes metal link chains. At all relevant times Western Chain was insured by American Mutual for products liability and other coverage under a general liability insurance policy. Condition 4(b) of that policy provides: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative." Decision of this appeal turns on the application of Condition 4(b) to American Mutual's right and duty to defend suits as set forth in the emphasized portion of the following provision of the policy:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A, bodily injury, or Coverage B, property damage, to which this insurance applies caused by an occurrence, *and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless.* . . ."

On January 15, 1973, Western Chain received from the Secretary of State of Mississippi a registered letter forwarding a summons. The letter reads as follows:

"Western Chain Company
1807 Belmont Avenue
Chicago, Illinois

We hand you herewith copy of process, served on HEBER LADNER, Secretary of State, your agent and attorney for service of process in Mississippi, today issued by the Clerk of the Circuit Court of Simpson County, Mississippi, to which you are defendant and Mrs. Nell Brownlee, et al. are plaintiffs.

You will understand, from a perusal of said process, that a suit is now pending in the above mentioned court and you will give such matter the attention it requires.

cc: Hon. Garland Reed
    Circuit Clerk, Simpson Co.
    Mendenhall, Mississippi
Very truly yours,
/s/ Heber Ladner
Secretary of State
    of Mississippi"

The copy of process enclosed with the letter consisted of the summons only without any copy of the declaration or complaint. The summons informed Western Chain that process had been served on the Secretary of State as Western Chain's resident agent under Section 1437, Mississippi Code of 1942, as amended,[1] that a term of the court would be held at the courthouse in the town of Mendenhall, Mississippi, on the second Monday of March 1973, that the declaration [sic] of Mrs. Brownlee and her minor children against Western Chain was on file in the Clerk's office at said court, and that:

"(By Section 1519, Mississippi Code of 1942, as amended, you are required to plead on or before the first day of the term of court to which the process is returnable or within thirty days after service of process, which ever would cause the pleading to be filed earlier.)

"The amount actually demanded in this suit is the sum stated in the said declaration and lawful interest and costs.

"Judgment will be demanded at return term."

The forwarding letter and summons were signed for by John R. Miller, an employee or agent of Western Chain, and given to Arthur W. Hill, president and general manager of Western Chain. Mr. Hill was an elderly gentleman, at that time distracted from his duties by personal health problems and by grief over the recent death of his wife. Not appreciating the significance and importance of the papers, he simply put a

---

1. The Mississippi "long arm" statute now appearing as Mississippi Code Annotated, Section 13–3–63 (1972).

question mark on the process and added it to "a pile of papers on my desk." There the process remained for a long time.

On June 25, 1973, Western Chain received a letter from the attorney representing Mrs. Brownlee and her children which reads:

"As attorneys for Mrs. Nell Brownlee and her children we filed suit in the Circuit Court of Simpson County, Mississippi, against Western Chain Company for the death of Mr. Billy Brownlee. No answer was filed on behalf of your company, and a Default Judgment was entered by the Court. I enclose copies of the Interlocutory Judgment and the Final Judgment.

"If you do not carry liability insurance or your insurance carrier was not notified when you received this summons, I request that you have someone call me or write to me in reference to this matter."

Upon receipt of that letter, enclosing copies of the judgments, Western Chain for the first time notified American Mutual of the pendency of the lawsuit. Both the insured and the insurer soon found that the following litigation had occurred in Mississippi. On January 9, 1973, suit was filed in the Circuit Court of Simpson County, Mississippi, by the widow and minor children of one Billy Brownlee, as plaintiffs, against Western Chain Company, as defendant, seeking to recover damages for Brownlee's death on May 5, 1971. The declaration or complaint alleged that a chain manufactured and sold by Western Chain had been purchased on April 27, 1971, from a retail store in Magee, Mississippi, that the chain was being used on a wrecker to hoist the front end of a wrecked automobile, that the chain broke because defectively made, the car fell upon Brownlee, and he was killed.

No response having been made to the process served on Western Chain, on March 20, 1973, there was entered in the Mississippi court both an interlocutory default judgment with a writ of inquiry, and a final judgment in favor of the plaintiffs against Western Chain Company in the sum of $204,160.00 plus costs and 6% interest from the date of judgment.[2]

In a letter dated July 11, 1973, Western Chain's counsel suggested to American Mutual that it proceed to defend under a reservation of rights. On July 24, 1973, American Mutual wrote a long letter to Western Chain, concluding: "American Mutual therefore, specifically denies that it owes you any obligation whatsoever, under the circumstances, and respectfully declines to come into this matter at this late date, and at a time when all of its rights have been so grossly prejudiced."

Following its receipt of that letter, Western Chain, on August 6, 1973, filed in the Mississippi trial court a motion to set aside and vacate the two judgments, that is the interlocutory default judgment and the final judgment, contending that it had been denied due process of law, and that the judgments offended traditional notions of fair play and substantial justice. The motion was heard and taken under advisement. On October 8, 1973, the Mississippi trial court rendered a written opinion and overruled the motion. Western Chain appealed to the Supreme Court of Mississippi. During the pendency in this court of the present appeal, the Supreme Court of Mississippi has on July 21, 1975, (rehearing denied September 9, 1975), rendered its opinion affirming the judgment of the trial court. See *Western Chain Co. v. Brownlee*, 317 So.2d 418.

Meanwhile on January 3, 1974, Western Chain filed its original complaint in the case now on appeal before this court. The original complaint sought broad relief, including specific performance of American Mutual's contract to render a defense to Western Chain, a judgment against American Mutual in the Sum of

2. It was a little more than three months later that the attorney representing Mrs. Brownlee and her children wrote the letter received by Western Chain on June 25, 1973, which has been quoted.

$204,160.00 plus interest and another judgment against American Mutual in the sum of $65,000 "for interruption of business and attorney's fees incurred or reasonably expected to be incurred." In its motion for summary judgment the relief sought was narrowed considerably:

"This lawsuit is not to compel the defendant to pay the amount of the judgment incurred against plaintiff in the Simpson County, Mississippi lawsuit. The sole issue raised by the instant complaint and the only issue sought to be determined by way of this motion for summary judgment is the obligation of the defendant to provide its expertise and/or legal counsel to the plaintiff to a reasonable degree in an effort to defend the existing litigation pending against the plaintiff."

American Mutual also filed a motion for summary judgment. Both parties submitted extensive memoranda, exhibits, and affidavits. The district court in a well considered memorandum opinion and order[3] denied Western Chain's motion for summary judgment but granted American Mutual's motion subject to a condition:

"If however the appellate court in Mississippi decides that a trial de novo is required because of the failure to provide adequate notice to the defendant then American Insurance would have a duty to defend. The rationale of course is that if a new trial was granted and American Insurance was given notice they would not be prejudiced by providing a defense. But as the situation stands at present American is unable to present a defense on behalf of the insured. If they had entered the case on behalf of Western Chain after the return of the $204,160 judgment they might have subjected themselves to liability for the judgment under waiver and estoppel principles. However if the case is re-

opened American Insurance would not be prejudiced in any way by the failure to give the original notice and would have a full opportunity to defend the insured." 386 F.Supp. 442.

American Mutual has not appealed or cross-appealed from that part of the judgment.[4]

In Illinois, under a general liability insurance policy the duty to defend is broader than the duty to pay. *McFadyen v. North River Insurance Co.*, 62 Ill.App.2d 164, 209 N.E.2d 833 (1965). Tendering the limits of its liability policy will not excuse the insurer from its obligation to defend. *Landando v. Bluth*, 292 F.Supp. 975 (N.D.Ill., 1968).

The rendition of a default judgment against an insured does not always serve to terminate the insurer's duty to defend. The Fifth Circuit in *Saint Paul Mercury Indem. Co. v. Valdosta Milling Co.*, 253 F.2d 667 (5th Cir. 1958), held that an insured who was without fault in not having notice of a pending action against it, until after default judgment had been rendered against it, was without fault in not giving earlier notice of the action to its liability insurer, and hence insurer was not excused from defending the action and was liable for insured's expenses in procuring the setting aside of the default judgment.

The present case is readily distinguishable from the Fifth Circuit case just cited for it seems clear in this case that the insured Western Chain was *not* free from fault in failing to give earlier notice of the suit to American Mutual. The district court found that, "Although Western Chain has demonstrated its good faith there is no doubt that it was negligent in failing to deliver the notice of the suit to American Insurance." 386 F.Supp. 441. We agree.

The Mississippi "long arm" statute follows the rule stated in 72 C.J.S. Process

---

**3.** Reported as *Western Chain Co. v. American Mutual Liability Insurance Co.*, 386 F.Supp. 440 (N.D.Ill.1974).

**4.** Western Chain has never offered to release American Mutual from any liability to pay on

Western Chain's behalf any sums which it may ultimately be found legally obligated to pay as damages on the Brownlees' claims.

§ 16, pp. 1012, 1013, "In the absence of a requirement, a summons need not state the nature of the cause of action or the nature and purpose of the suit, and the fact that it undertakes to do so but states only part, and not the whole, of the object and purpose of the suit does not render it void." (Footnotes omitted.) One of the cases cited in support of this text is *Guess v. Smith*, 100 Miss. 457, 56 So. 166 (1911), which holds:

"[S]ection 3920, Code 1906, prescribes the form of summons by publication, as follows: 'State of Mississippi. To ................. (the defendant): You are commanded to appear before the chancery court of the county of ................, in said state, on the ............... Monday of ................., A.D. .........., to defend the suit in said court of .................... (and others), wherein you are a defendant. This ......... day of ................, A.D. .......... .................., Clerk.'

"The fact that the summons in this case undertook to and did in part, inform the defendant of the nature and cause of the suit, but failed to inform him of its whole object and purpose, did not render it void. All that it is necessary for a summons to contain is what is above set out in the form for a summons by publication, the blanks therein to be properly filled out. If the defendant refuses to obey the command of the summons, it is at his peril. He has no right to look to a recital, inserted in the summons, without authority of law, by the officer issuing it, as to the nature of the cause. Resort to the declaration, if a suit at law, or to the bill, if a suit in chancery, is the defendant's only source of information as to the nature of the suit against him, on which he is entitled to rely." 56 So. 166 at 167.

It might be fairer to the defendant if the Mississippi "long arm" statute required the attachment of the complaint to the summons. However, we do not think that Western Chain has made such a case as to require American Mutual to attack the constitutionality of the Mississippi "long arm" statute or the enforceability of the default judgment in Illinois or elsewhere. Such a requirement would place American Mutual in an untenable position because of the conflict of its interest with the interest of the insured. If Western Chain itself succeeds in having the Mississippi statute declared unconstitutional or the judgment unenforceable, a different question might be presented under that part of the district court's opinion and decision providing for a possible re-opening of American Mutual's duty to defend. In the absence of a cross-appeal we recognize that the district court had discretion to deny that part of American Mutual's motion for summary judgment.[5] Accordingly we do not review that part and express no opinion as to its operation or effect. We agree with such part of the well considered memorandum opinion of the district court as is subject to this court's review. The judgment is affirmed.

Affirmed.

---

5. *See* 10 Wright & Miller Federal Practice and Procedure, Civil § 2728, pp. 554, 555, and cases cited in n. 47.